THE STATE OF OHIO, APPELLEE, *v.* HICKS, APPELLANT.

(No. 46981—Decided February 13, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Ms. Patricia Walsh,* for appellant.

JACKSON, P.J. Appellant, Reginald Hicks, was indicted for and convicted of the offense of aggravated robbery, a violation of R.C. 2911.01. One of the elements to be proven by the prosecution is that appellant possessed, carried or used a "deadly weapon" in the commission of this crime. The evidence disclosed that appellant held a toy pistol to the victim's head during the attempted robbery. Appellant's sole assignment of

error[1] is that, as a matter of law, the toy pistol involved in this case was not a "deadly weapon" within the meaning of the aggravated robbery statute.

The term "deadly weapon" is defined in R.C. 2923.11(A) as follows:

" 'Deadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

It is not disputed that appellant "used" the toy gun as a weapon during the attempted robbery. The only issue in dispute is whether it was "capable of inflicting death." The courts have previously found inoperable guns, starter pistols, and inoperative BB and pellet guns "capable of inflicting death" because of their possible use as bludgeons. *State* v. *Marshall* (1978), 61 Ohio App. 2d 84 [15 O.O.3d 93] (inoperable revolver); *State* v. *Ewing* (Mar. 27, 1980), Cuyahoga App. No. 41080, unreported (inoperable BB gun); *State* v. *Scales* (Sept. 27, 1979), Cuyahoga App. No. 39763, unreported (inoperable pellet gun); *State* v. *Brooks* (Oct. 7, 1982), Cuyahoga App. No. 44362, unreported (inoperable starter pistol).

Nevertheless, the Hamilton County Court of Appeals, in *State* v. *Luckey* (1974), 69 O.O. 2d 111, held that an unloaded starting pistol was not a "deadly weapon," where no attempt was made to strike any of the victims of the robbery. This case was decided under the former statutory definition of "deadly weapon."

The arresting police officers testified that the toy was metal, of light or medium weight, similar to a .25[2] or small .38 caliber handgun, and that they had investigated crimes where such objects had been used as bludgeons.

After a careful examination of the toy gun, and consistently with the aforestated applied interpretations of the statutory definition of "deadly weapon," we overrule the assigned error and affirm the decision of the trial court.

*Judgment affirmed.*

PRYATEL and ANN MCMANAMON, JJ., concur.

---

[2] Appellee's brief states that an arresting officer testified that the toy pistol was similar to a .22 caliber handgun, but the transcript of proceedings indicated that it was similar to a .25 caliber handgun.

---

[1] Appellant's assignment of error states: "Appellant was convicted with evidence insufficient as a matter of law thereby denying him his due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sec. 16 of the Ohio Constitution."