THE STATE OF OHIO, APPELLEE, *v.* GRAY, APPELLANT.

(No. 47755—Decided August 6, 1984.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*James R. Willis,* for appellant.

PATTON, J. This appeal arises from a judgment rendered by the trial court finding the appellant, Derrick Gray, guilty of the offense of felonious assault. Exception is presently taken to the trial court's jury instructions, and two errors are raised:

"I. The court erred in its instruction to the jury in which it equated a 'firearm' with a 'gun'.

"II. The court erred in refusing to instruct the jury on the crimes of aggravated menacing (R.C. of Ohio, § 2903.21) and menacing (R.C. of Ohio, § 2903 [*sic*])."

As adduced from the record, on January 7, 1983, Mr. Anthony Hampton was shot. Prior to this shooting, Hampton had been engaged in a card game with the appellant and several other individuals. A verbal altercation occurred between the victim and appellant, during the course of this game, which was reignited upon the parties' departure from the game.

The victim, Hampton, testified that he was the party responsible for the reignition of the fight, by his agitation of the appellant. Hampton stated that he had removed his jacket and had begun to push and shove the appellant. Hampton admitted to continuing in this course of conduct until stopped by another gentleman, Michael Edwards, who had been present with Hampton and the appellant at the card game, and had also left with them. Upon being stopped by Edwards, Hampton then ceased bothering appellant and proceeded to walk to his auto along with Edwards.

The appellant then went to his auto and removed a gun. Though the evidence differs concerning whether the

appellant fired the gun directly at Hampton or merely in the air, Hampton was grazed by the shooting.

The appellant was thereafter charged with attempted murder and tried. On October 17, 1983, the appellant was found guilty of the lesser included offense of felonious assault, and sentenced to a term of two to fifteen years on the felonious assault conviction, and a term of three years of actual incarceration time on the firearm specification. This appeal ensued.

## I

Exception is initially taken to the trial court's jury instruction wherein the word "gun" is alleged to have been equated with the term "firearm." It is appellant's apparent position that the term gun need not always constitute a firearm, thereby making the trial court's instructions fatally prejudicial to appellant's receipt of a fundamentally fair trial.

R.C. 2923.11(B) defines a "firearm" as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an *explosive* or *combustible propellant.* 'Firearm' includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable." (Emphasis added.)

In the instant matter, the weapon involved in the shooting of Hampton was a B.B. gun. As testified to by Nancy E. Bulger, Firearm Examiner for the Ohio Bureau of Investigation and Identification, a B.B. gun is fired by means of a spring action. There is no explosion involved as in the firing of a normal handgun, where there exists a controlled explosion. A B.B. gun, pursuant to the language of R.C. 2923.11(B), while constituting a deadly weapon, does not fall within the purview of a firearm, as is presently defined.

While we do not find the usage of the term gun to constitute error in the trial court's jury instructions,[1] we do note that as a B.B. gun does *not* constitute a firearm, it was error to impose the additional three-year mandatory sentencing provision of R.C. 2929.71 for offenses involving a firearm. We therefore find that the appellant was improperly sentenced under this statutory provision, and we remand this matter to the trial court for a correction of this sentence.

## II

Turning now to appellant's second raised error, the contention is made that the trial court erred in failing to instruct the jury on the lesser included offenses of aggravated menacing and menacing, as requested by appellant. Without belaboring this point, this court has definitively ruled that, as the elements of aggravated menacing and menacing contain the additional requirement or element of causing apprehension, which is not contained in the crime of felonious assault or attemped murder, aggravated menacing and menacing are not lesser included offenses of felonious assault or attempted murder. See *State* v. *DeFranco* (Oct. 6, 1983), Cuyahoga App. No. 46504, unreported; *State* v. *Morris* (1982), 8 Ohio App. 3d 12, 15-16; *State* v. *Brown* (March 11, 1982), Cuyahoga App. No. 43747, unreported. Appellant's second assigned error is without merit.

Judgment is affirmed in part, reversed in part and the cause is remanded.

> *Judgment affirmed in part,*
> *reversed in part and*
> *cause remanded.*

ANN MCMANAMON, P.J., and COOK, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Eighth Appellate District.

___

[1] Instructions were also provided on the term "deadly weapon."