**State v. Powell**
**Case No. CA89-02-028**
**Butler County, (12th)**
**Decided February 26, 1990**
[Cite as 1 AOA 442]

*John F. Holcomb, Butler County Prosecuting Attorney, Gerald R. Leshner, 216 Society Bank Bldg., Hamilton, Ohio 45012-0515, for*

*plaintiff-appellee.*

*John T. Willard, 206 Society Bank Bldg., Hamilton, Ohio 45011, for defendant-appellant.*

JONES, P.J.

Defendant-appellant, Thomas D. Powell, appeals his conviction for aggravated burglary in violation of R.C. 2911.11(A)(3) for which he received a sentence of five to twenty-five years and an additional three year term of actual incarceration for a firearm specification under R.C. 2941.141. The charges stem from an October 10, 1988 incident during which appellant and a co-defendant broke into the Middletown, Ohio, residence of Candace Slough. The two gained access to the house by shooting out a window with a BB gun. Appellant and his companion removed several items from the home including a loaded Smith & Wesson .38 caliber revolver, a Remington .22 caliber rifle, and .22 caliber ammunition.

Appellant was ultimately apprehended and indicted on a charge of aggravated burglary; the indictment also contained a specification charging appellant with having a firearm on or about his person or under his control while committing the aggravated burglary. On January 5, 1989, appellant pleaded no contest to both the aggravated burglary charge and the firearm specification. The trial court found appellant guilty of aggravated burglary and, after taking the matter under advisement, also found appellant guilty of the firearm specification. The court sentenced appellant on the aggravated burglary charge and imposed the additional three year term of actual incarceration on the firearm specification to be served consecutive to appellant's aggravated burglary sentence. Appellant appeals in a timely fashion and submits three assignments of error which read, as follows:

First Assignment of Error

"It was error for the trial court to find appellant guilty of the gun specification, as the only evidence before the court as to a weapon was a B-B gun, and such a weapon does not constitute a weapon as defined by §2923.11(B) of the Revised Code, which would carry with it additional penalties as required by §2941.141 and §2929.71(A), Ohio Revised Code."

Second Assignment of Error

"It was error to impose sentencing for weapon specification in the instant case upon the appellant because the prosecution failed to prove beyond reasonable doubt that the alleged firearms was operable or that appellant used it."

Third Assignment of Error

"The appellant asks this honorable court to search the record on his third assignment of errors for such other errors may appear upon the record."

A review of the assignments reveals that the appeal focuses on appellant's firearm specification conviction and its concomitant three year term of actual incarceration. Appellant asserts that the trial court could not find him guilty of the specification since there was no evidence that the BB gun was a firearm as defined by R.C. 2923.11(B) or, if it was a firearm, that it was operable.

Appellant was convicted of violating R.C. 2911.11(A)(3) which provides that:

"No person, by force, stealth, or deception, shall trespass in an occupied structure *** with purpose to commit therein any theft offense *** or any felony, when any of the following apply:
"***
"The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

Furthermore, R.C. 2929.71(A) states that:

"The court shall impose a term of actual incarceration of three years in addition to imposing *** an indefinite term of imprisonment *** if both of the following apply:
"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of Section 2923.12 of the Revised Code [carrying a concealed weapon];
"(2) The offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. ***"

For purposes of this statute, a firearm has the same meaning as in R.C. 2923.11. R.C. 2929.1(C)(1).

Since the court concluded that appellant

had "a firearm on or about his person or under his control while committing the offense," it found appellant guilty of the firearm specification and imposed the additional three year term of actual incarceration provided for in R.C. 2929.71. It is all too clear from the record, however, that the court's finding of guilty on the firearm specification was based upon appellant's possession and control of the revolver and rifle stolen from the Slough residence, rather than the possession and use of the BB gun. Within the context of appellant's assignments of error, the issue for review is reduced to a question of whether firearms taken during a theft offense in an occupied structure which has been burglarized support a finding that the stolen firearms were on or about the accused's person or under his control while he committed the aggravated burglary.

The state submits that our earlier decision in *State* v. *Riggsby* (Dec. 31, 1987), Madison App. No. CA87-06-014, unreported, is controlling in the case at bar. In *Riggsby*, we held that the breaking and entering of occupied structure, although completed once the structure had been entered, created an ongoing crime, *i.e.*, the aggravated burglary. Thus, any firearms taken during a subsequent theft offense were actually taken during the course of the burglary and were sufficient to support a finding of guilt on a firearm specification based upon the accused's possession and control of the stolen weapons.

Our decision in *Riggsby* relied upon the Trumbull County Court of Appeals' decision in *State* v. *Moore* (Dec. 13, 1985), Trumbull App. No. 3523, unreported, wherein the court held that an act of burglary was not completed until the perpetrator left the occupied structure and that possession of a firearm stolen during the burglary was sufficient, even if such possession was only for a short period of time, to sustain a finding of guilt on a firearm specification. The *Moore* court based its decision on no authority other than its own interpretation of R.C. 2911.11 and 2929.71.

As was noted in *Riggsby*, *supra*, at page four, an aggravated burglary involves a trespass into an occupied structure by force, stealth or deception with a purpose to commit a theft offense or felony therein when: The offender either inflicts, or attempts to inflict physical harm on another, *or* the offender has a deadly weapon or dangerous ordnance on or about his person or under his control, *or* the occupied structure is the permanent or temporary habitation of any person and someone is present

or likely to be present at that time. In examining the Revised Code's three "breaking and entering" offenses – aggravated burglary (R.C. 2911.11), burglary (R.C. 2911.12), and breaking and entering (R.C. 2911.13) – this court previously identified these three crimes:

> "*** in terms of the *degree* of *risk* that someone may be *harmed during a trespass* in a structure, with breaking and entering *** presenting the least such risk. *** [T]he key is that these *crimes are complete* upon the *commission of the trespass* with the appropriate intent and do not require the commission of a theft offense [or other felony] in order to sustain a conviction." (Emphasis added.)

*State* v. *Dunihue* (1984), 20 Ohio App. 3d 210, 211, 212.

Quite simply, the essence of an aggravated burglary offense is the *trespass* in an occupied structure, not the theft offense or other felony which is subsequently committed. It would therefore follow that the offender must have the firearm on or about his person or under his control at the time of the trespass. The possession of the firearms in the case at bar arose not out of the trespass which constituted the burglary, but as part of the theft offense which occurred after the burglary had been consummated. The purpose of R.C. 2929.71 is to "reduce the number of guns involved in criminal activity." *State* v. *Neal* (June 21, 1984), Cuyahoga App. No. 47963 unreported, page five. The criminal activity involved in the case at bar was the aggravated burglary which occurred once the trespass was completed. If the defendant had procured the firearms and then subsequently used them during the commission of a separate theft offense or other felony within the residence, the imposition of an additional three year term of actual incarceration as to that separate and subsequent felony would be warranted. However, it goes beyond the scope of R.C. 2929.71 to impose such an additional term of incarceration when appellant did not have a firearm on or about his person or under his control *when he committed the trespass* which formed the basis of the aggravated burglary.[1]

We accordingly conclude that the imposition of an additional three year term of actual incarceration for a firearm specification is not supported by either appellant's possession

and control of the BB gun or his possession or control of either weapon stolen from the victim's residence. Appellant's assignments of error are well-taken and are hereby sustained. Appellant's conviction on the firearm specification is reversed and this cause is remanded for resentencing in accordance with this opinion.

*Judgment reversed and remanded.*

KOEHLER, J., Concurs.
HENDRICKSON, J., Dissents.

HENDRICKSON, J., dissenting:

R.C. 2911.21 (A), which defines criminal trespass, states that "[n]o person, without privilege to do so, shall do any of the following: "1) Knowingly enter *or remain* on the land or premises of another ***." It follows then that the reasoning of the majority is flawed if appellant's trespass is considered complete prior to the taking of the weapons, or simultaneously therewith. He was trespassing so long as he remained on the premises of the victim. Therefore, if at any time while appellant was on the premises he had a weapon, regardless of whether it was in his possession at the time of entry, he is guilty of aggravated burglary. After all, if after taking the weapon, appellant had encountered the owner of the premises prior to exiting, panicked, and shot and killed the owner, would the owner have fared any better than if appellant had brought a weapon with him? Certainly not. Then, why should he be given a lesser penalty for possession of a weapon stolen on the premises than for possession of one at the time entry? For the reasons given, I would affirm the conviction.

---

[1] It is obvious that the court could not impose an additional three year term of actual incarceration based upon appellant's possession or control of the BB gun at the time of the trespass. A BB gun does not fall within the purview of a firearm as defined in R.C. 2923.11 (B) and the use of such a gun in the commission of an offense would not support the imposition of an additional three year sentence under R.C. 2929.71. State v. Gray (1984), 20 Ohio App. 3d 318.