## State v. Pope
[Cite as 7 AOA 92]

Case No. 8-89-19
Logan County, (3rd)
Decided October 4, 1990

Steven R. Fansler, Attorney at Law, 212 North Detroit Street, P.O. Box 764, West Liberty, Ohio 43357, for Appellant.

*Gerald L. Heaton, Logan County Prosecutor, Logan County Courthouse, Bellefontaine, Ohio 43311, for Appellee.*

KERNS, J.

The defendant, David Allen Pope, was tried by jury in the Court of Common Pleas of Logan County and found guilty of one count of aggravated burglary, one count of felonious assault, and two counts of unlawful restraint, and from the judgment and sentence thereupon entered in the trial court, Pope has perfected an appeal to this court.

For almost a year prior to February 9, 1989, David Pope and Brenda Stringfellow lived together in a home which Mrs. Stringfellow had rented for herself and her three young daughters. However, Stringfellow decided to break off the relationship and told Pope on many occasions to leave and never come back, but Pope refused to accept her decision to discontinue the association.

On February 9, 1989, the defendant forced his way into Stringfellow's house and refused to leave. He took the phone off the hook, and for over two hours, he forced her to remain in the house. During this period, Pope again attempted to convince Stringfellow not to end their relationship, and when she attempted to call out to a neighbor for help, he placed his hand over her mouth and forced her into the bathroom. Pope finally left the house, but he returned two days later, or on February 11, 1989, at about 4:30 a.m., at which time he broke into the second floor window of Stringfellow's home and proceeded through the children's bedroom and down the steps to the first floor.

Sometime after entering the house, Pope went into the bathroom and removed the handle from a toilet plunger. He then went into the downstairs bedroom where Mrs. Stringfellow was sleeping with her former husband, Timothy A. Stringfellow, and proceeded to beat him with the plunger handle. Then, when the stick broke, Pope continued to strike him with his fists. After the beating, Pope ordered Mr. Stringfellow to remain on the floor of the bedroom for about twenty minutes. Thereafter, Pope dismantled the phone, paced the floors while rubbing and hitting his fists, and ordered Mrs. Stringfellow to remain because he wanted to talk to her. At the time, Pope indicated that he wanted Timothy Stringfellow to leave with the children, but Stringfellow, fearing for their safety, remained until daylight, at which time

he left to summon the police. The police arrived at approximately 8:00 a.m., and identified themselves, but Pope would not let them enter the house. Subsequently, they entered with a key provided by the landlord and took Pope into custody. His arrest for the alleged offenses took place on February 11, 1989.

The appellant has set forth five assignments of error, the first three of which have been stated as follows:

"1. The defendant, David Pope, was not granted a speedy trial as is required by the Ohio Constitution, the United States Constitution and the Ohio Revised Code, and the trial judge erred in denying defense counsel's motion for dismissal for lack of a speedy trial.

"2. The trial court erred in setting the trial outside of the mandate of O.R.C. 2945.71 without stating sufficient reasons upon the record.

"3. The trial court erred in refusing to allow defense counsel to present testimony showing the docket and whether or not trial dates existed on March 21, 1989, between that date and the scheduled trial date of May 19, 1989."

According to the record, Pope was arrested and incarcerated on February 11, 1989 and was held in lieu of bail until his trial on May 19, 1989. In this regard, R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days after his arrest, and R.C. 2945.71(E) provides that three days' credit must be given for each day during which the accused is held in jail on the pending charge. At first glance, therefore, it would appear that Pope should have been brought to trial on or before May 12, 1989.

However, the record discloses further that the case was originally set for a jury trial on April 3, 1989, or well within the time limitations of R.C. 2945.71, but that a continuance requested "on the accused's own motion" pursuant to R.C. 2945.72(H) was granted on March 21, 1989. See, *State v. Martin* (1978), 56 Ohio St. 2d 289. Thus, the days between March 21, 1989 and May 19, 1989 were not chargeable against the State in determining the time limitations of the speedy trial statute.

Here, the appellant correctly observes that the various provisions of R.C. 2945.72 must be construed strictly against the State, but nothing appears from the record in this case to suggest that the timely-journalized continuance granted to the appellant was not reasonable. Nor did the

appellant, though fully apprised of the trial date, make any objection to the seven-day extension beyond the ninety-day limitation of R.C. 2945.71. See *State v. Westbrook* (1975), 47 Ohio App. 2d 211.

In view of the length of the delay, the reason for the delay, the defendant's acquiescence in the trial date, and the absence of any prejudice, it becomes apparent that Pope's speedy-trial claims are completely devoid of any constitutional implications *(Barker v. Wingo,* 407 U.S. 514), and we perceive no violation of the speedy-trial statutes which might recommend his discharge. Accordingly, the first, second, and third assignments of error are overruled.

The fourth assignment of error has been framed by the appellant as follows:

"4. The finding by the jury of guilty to aggravated burglary is contrary to law and against the manifest weight of the evidence."

The aggravated burglary statute (R.C. 2911.11) provides in pertinent part as follows:

"(A) No person, by force *** shall trespass in an occupied structure *** with purpose to commit therein any theft offense *** , or any felony, when any of the following apply:

"(1) The offender inflicts *** physical harm on another;

"(2) The offender has a deadly weapon *** on or about his person or under his control;

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

In this case, the evidence clearly shows that Pope trespassed in an occupied structure which was being used by persons who were at home at the time. Likewise, the evidence amply shows that Pope used force to remove the window in order to enter the upstairs bedroom of the house. However, the indictment does not charge and the evidence does not prove a theft offense. Hence, the critical issue posed by the alleged error is whether the evidence was sufficient to prove beyond a reasonable doubt that Pope trespassed "with purpose" to commit any felony.

In this regard, the record discloses that the defendant and Mrs. Stringfellow had lived together for over a year before she broke off the relationship. In fact, she had told Pope on many occasions to leave and not to come back, but Pope refused to accept her rejection and was intent upon getting back together with her. He sometimes resorted to drastic means in an effort to convince Brenda Stringfellow that the relationship between them should continue, and on several occasions, he forced his way into her home. As late as January, law enforcement officers had advised him to stay away from her property.

At the trial, the State did not produce any direct evidence that Pope knew that Timothy Stringfellow was inside the residence when he made his entry on February 11, 1989, and the State's peripheral references to the fact that Stringfellow's car was parked in the area provides little more than a weak inference that Pope knew that Mr. Stringfellow was visiting his former wife and children. In fact, Stringfellow testified that he remained at the house because he had been drinking and was not in a condition to drive, but the evidence fails to show that Pope knew that Stringfellow's car was outside the residence or that Stringfellow was inside the residence.

Moreover, the undisputed evidence reveals that the toilet plunger handle used in the commission of the felonious assault was acquired inside the house, thus depreciating the finding that Pope trespassed "with purpose" to commit the felony which supports the aggravated burglary charges. Furthermore, Pope's conduct after the beating, whereupon he suggested that Timothy Stringfellow leave the house, appears to be inconsistent with any preconceived intent to commit the offense of a felonious assault.

In the absence of sufficient evidence to show Pope's intent or purpose when he entered the Stringfellow residence, a fair analysis of the evidence as a whole is inadequate to support his conviction of aggravated burglary by the requisite degree of proof, and to this extent, the fourth assignment of error is well made.

The fifth assignment of error has been asserted by the appellant as follows:

"5. The jury erred in concluding that a toilet plunger was a deadly weapon or dangerous ordinance."

In this regard, a deadly weapon is defined in R.C. 2923.11(A) as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon.

According to the evidence, Pope's first blow with the plunger handle struck Stringfellow across the bridge of his nose, after which Stringfellow grabbed his face and rolled over

with his vision blurred by blood. Pope continued to strike him about the head and shoulders until the handle broke, and the blows caused lacerations which were deep enough to require stitches.

Under a variety of circumstances, a toilet plunger handle undoubtedly would be capable of inflicting death. In fact, any instrument, no matter how innocuous when not in use, is a deadly weapon when it is capable of causing death. See *State v. Deboe* (1977) 62 Ohio App. 2d 192. Compare *State v. Hicks* (1984), 14 Ohio App. 3d 25.

In the present case, it was a question of fact for the jury to determine whether the plunger used by Pope was a deadly weapon within the definition of R.C. 2923.11(A), and upon the evidence, this court is not in a position to disturb its conclusion. Moreover, we would not be inclined to alter the conclusion of the jury upon this issue even if we were permitted to do so. Accordingly, the fifth and last assignment of error is without merit.

However, the sentence, as it pertains to the conviction for aggravated burglary, must be reversed and set aside, but as so modified, the judgment and sentence of the Common Pleas Court will be affirmed.

*Judgment reversed in part and affirmed in part.*

MILLER and EVANS, J.J., concur.

KERNS, J., retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.