The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown* (1995), 101 Ohio App.3d 784.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940627.

Decided May 31, 1995.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Jennifer E. Day*, Assistant Prosecuting Attorney, for appellee.

*Lucian J. Bernard*, for appellant.

PAINTER, Judge.

Appellant Orlanzo Brown ("appellant") threatened a fifteen-year-old girl with a BB gun, telling her that he was going to shoot her with it if she did not let him "fuck" her. Appellant dragged the victim across the courtyard to his aunt's house. His aunt answered the door, however, and appellant allowed the victim to leave. He told her that he would come to her house and shoot her with the BB gun if she did not consent to have sex with him. Soon thereafter appellant appeared at the victim's home and knocked on the door for a period of time, but the victim refused to let him in.

A few days later appellant once again accosted the victim and grabbed her. He threatened to shoot her with the BB gun, and a struggle ensued. During the scuffle, the appellant shot at the victim's friend, who was standing nearby, hitting her in the buttocks and leaving a visible injury. When the victim broke free from

the appellant and ran, he also shot her in the buttocks with the BB gun but, because she was wearing two pairs of pants, the BB inflicted no apparent injury.

Appellant was indicted on one count of attempted rape in violation of R.C. 2923.02 and two counts of felonious assault in violation of R.C. 2903.11. Having waived trial by jury, he was convicted of count one, attempted rape of the victim, and count three, felonious assault of the friend of the victim. He was acquitted of count two, felonious assault of the victim.

In his appeal appellant asserts two assignments of error. In his first assignment of error he contends that the trial court erred when it failed to dismiss or reduce the charge of attempted rape at the close of the evidence. In his second assignment of error appellant alleges that the court erred when it failed to dismiss or reduce the charge of felonious assault at the close of the evidence.

■ In his argument accompanying his first assignment of error, appellant asserts that the evidence was insufficient to support his conviction of attempted rape. He also argues that the court may have been improperly influenced by allegedly inadmissible testimony concerning appellant's prior conduct with both one of the victims and a female witness. The record fails to support either argument.

■ In reviewing an alleged error premised on a trial court's failure to grant a Crim.R. 29 motion for acquittal, couched by appellant in this appeal as a motion to dismiss, our inquiry, based on the record before us, must address whether reasonable minds could have reached different conclusions as to whether each material element of the offense had been proved beyond a reasonable doubt. See *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

R.C. 2923.02 defines "attempt" as follows:

"No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense."

R.C. 2907.02, the statute setting forth the elements of rape, provides in relevant part:

"No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

The review of the record convinces us that the evidence presented below is such that reasonable minds could differ as to whether appellant attempted to rape the fifteen-year-old girl. The state presented evidence that appellant grabbed the victim, dragged her to his aunt's house, and threatened to shoot her with a BB gun if she did not consent to have sex with him. Although he did not

engage in sexual conduct, his words clearly indicated his intent. We conclude that where evidence was adduced that appellant threatened the victim with the BB gun with the purpose to coerce her into having sex with him, the trial court did not err in refusing to dismiss appellant's attempted rape charge or to reduce that charge.

■ We also find no merit in appellant's argument that the trial court *may* have been improperly influenced by allegedly inadmissible testimony concerning appellant's past conduct. Even if we assume *arguendo* that the testimony was inadmissible, the record demonstrates that the trial court explicitly stated it did not consider one witness's testimony concerning a prior encounter with appellant. Moreover, in a trial to the bench it is presumed that the court "considered only relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." *State v. White* (1968), 15 Ohio St.2d 146, 151, 44 O.O.2d 132, 135–136, 239 N.E.2d 65, 70, superseded by statute on other grounds as stated in *State v. Wilson* (Oct. 12, 1994), Lorain App. No. 92CA005396, unreported, 1994 WL 558568. Appellant has not demonstrated that the court did otherwise in reaching its conclusion. Appellant's first assignment of error is overruled.

■ Appellant's second assignment of error, which addresses his felonious assault conviction, is more troubling. Appellant was charged with and convicted of knowingly causing or attempting to cause "physical harm to another by means of a deadly ·weapon or dangerous ordnance." R.C. 2903.11. In his argument appellant takes issue with the sufficiency of the evidence, arguing, in part, that the state offered no evidence that the BB gun was a deadly weapon. Appellant contends that under the evidence presented the BB gun in this case cannot be considered a deadly weapon as defined by R.C. 2923.11, which provides that a "deadly weapon" is "any instrument, device or thing *capable of inflicting death,* and designed or specifically adapted for use as a weapon, or possessed, carried or used as a weapon." (Emphasis added.)

This court's inquiry, when reviewing appellant's sufficiency-of-the-evidence claim brought pursuant to the trial court's overruling of his Crim.R. 29 motion for acquittal, is whether reasonable minds could have reached different conclusions as to whether the state proved beyond a reasonable doubt that the BB gun was a deadly weapon. There is no doubt that the BB gun in question was used as a weapon. The only question is whether the BB gun was capable of inflicting death. Numerous prior cases, including one from this court, *State v. Turner* (Sept. 14, 1988), Hamilton App. No. C–870166, unreported, 1988 WL 94374, have indicated that a BB gun may be considered a deadly weapon, when a court contemplates its possible use as a bludgeon. In addition, the Ohio Supreme Court stated, in *dicta,* that "[o]ne may use a BB gun (*State v. Ewing* [Mar. 27,

1980], Cuyahoga App. No. 41080, unreported), or a pellet gun (*State v. Scales* [Sept. 27, 1979], Cuyahoga App. No. 39763, unreported) in the commission of a theft offense and be found guilty of aggravated robbery." *State v. Gaines* (1989), 46 Ohio St.3d 65, 68, 545 N.E.2d 68, 71.[1] The "aggravating" factor in our case is exactly the same, *i.e.*, the use of a deadly weapon.

Though this court believes the interpretation represented by the above cases to be a bit expansive, the law in Ohio is fairly well settled that a BB gun *may be* a deadly weapon if *capable of inflicting death,* as a bludgeon, or perhaps as used in some other manner (one could envision a BB gun so powerful that it could be a deadly weapon by its very nature). This capability, however, is a factual issue to be determined by the trier of fact. See *State v. Lucas* (Feb. 23, 1976), Hamilton App. No. C–75235, unreported, fn. 1. In *State v. Hicks* (1984), 14 Ohio App.3d 25, 14 OBR 29, 469 N.E.2d 992, the appellate court, apparently in reviewing sufficiency of the evidence, set out the testimony of the arresting officers that the "toy" gun involved was metal, and that they had "investigated crimes where such objects had been used as bludgeons." The appellate court in *Hicks* also itself examined the weapon involved and concluded that it was in fact a deadly weapon.

In our analysis of the case *sub judice*, we must first distinguish this case from *State v. Turner, supra.* In *State v. Turner,* the perpetrator of an armed robbery pointed what was later determined to be a BB gun at a cashier and shook it at her, demanding money. Therein the court determined that the evidence was such that reasonable minds could reach differing conclusions as to whether all material elements of aggravated robbery, which elements include committing a theft with a deadly weapon on or about one's person or under one's control, had been proved beyond a reasonable doubt. It is unclear whether the trier of fact considered the manner in which the BB gun was actually used in determining it was capable of inflicting death, or whether the trial court had before it any testimony concerning the weapon's ability to inflict death as a bludgeon.

In the case *sub judice*, there was no evidence adduced that the BB gun was ever used or threatened to be used as a bludgeon, nor could any inference of such use be made from the evidence. Clearly, counsel and the trial court were interpreting *Turner* to mean that a BB gun was *as a matter of law* a deadly weapon. The weapon was not introduced in evidence, and the only description was that it was "long" and had a "pump." We do know that it was operable as a

---

1. *State v. Murphy* (1990), 49 Ohio St.3d 206, 551 N.E.2d 932, modified *State v. Gaines, supra,* holding that proof of the operability of a firearm at the time of an offense sufficient to invoke R.C. 2929.71 can be established by testimony of lay witnesses who could observe the instrument and the circumstances of the crime. R.C. 2923.11(B)(1), (2), effective June 6, 1990, codified the *Murphy* decision. *State v. Lamp* (Mar. 29, 1991), Lake App. No. 89–L–14–041, unreported, 1991 WL 45670.

BB gun, because the witnesses were struck with BBs. However, there was absolutely no evidence adduced concerning the particular BB gun's capability of inflicting death, either as a bludgeon or otherwise. In the absence of more evidence about the quality and characteristics of the BB gun used in the offense, identifying it as capable of inflicting death, we sustain appellant's second assignment of error to the extent that his felonious assault charge under count 3 of his indictment should have been reduced to a charge of assault. *State v. Turner* should not now be read as indicating that a BB gun is, as a matter of law, a deadly weapon.

The judgment of the trial court is affirmed in regard to appellant's conviction of attempted rape pursuant to R.C. 2923.02; and the trial court's judgment is reversed and the cause remanded for sentencing of appellant, pursuant to R.C. 2903.13, for simple assault, a misdemeanor of the first degree.

*Judgment accordingly.*

GORMAN, P.J., and HILDEBRANDT, J., concur.