{¶ 1} Defendant-appellant Myrle J. Wuebker ("Myrle") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County, Domestic Relations Division granting a divorce to plaintiff-appellee Peggy L. Weubker ("Peggy").
 {¶ 2} On June 16, 1973, Myrle and Peggy were married. On July 16, 2002, Peggy filed a complaint for divorce alleging that Myrle was guilty of gross neglect of duty and extreme cruelty, and that the parties were incompatible. Myrle filed his answer on July 31, 2002. In the answer, Myrle denied that he was guilty of gross neglect of duty and extreme cruelty, and denied that the parties were incompatible. Myrle then asked that the complaint be dismissed or, in the alternative, that he be granted spousal support.
 {¶ 3} On December 10 and 11, 2002, a hearing was held. At the hearing, Peggy presented the testimony of the couple's adult daughter Michelle and herself. Myrle then presented the testimony of the couple's adult son Chad and himself. After hearing all the evidence, the trial court granted the divorce on the grounds of extreme cruelty. The parties then read into the record an agreed division of property which was approved by the trial court. Myrle now appeals the termination of the marriage and raises the following assignments of error.
 The admission of obviously hearsay testimony by [Peggy's] corroborating witness was contrary to law, and prejudicial to [Myrle].
 The finding of the trial court that [Myrle] was guilty of extreme cruelty is against the manifest weight of the evidence and contrary to law.
 {¶ 4} In the first assignment of error Myrle claims that the trial court erred by admitting hearsay testimony. "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Statements made at the time of a condition or made soon after are not excluded by the hearsay rule. Evid.R. 803(1).
 {¶ 5} In this case, Myrle objected to the testimony of his daughter as to complaints made by Peggy. The testimony of the daughter was that from the time she left home to attend college to the present, Peggy would call her upset because she was not getting help around the house. Peggy would complain of various events such as lack of assistance in cleaning the house, lack of quiet while Peggy was trying to study for her EMT class, etc. Peggy concedes that these statements were not admissible as admissions by a party opponent. However, Myrle concedes that some of these statements are not hearsay because they were not necessarily offered to prove the truth of the matter. Instead, they were offered to show Peggy's state of mind during the marriage.
 {¶ 6} The great majority of the remaining statements attributed to Peggy by the daughter are admissible under the present sense impression exception to the hearsay rule. Evid.R. 803(1). The statements described the situation as it was while Peggy was observing it or soon afterwards. In addition, the statements were frequently made to indicate the declarant's emotional condition. The daughter testified that when her mother called, she was always very upset and frequently would be crying. Thus, those statements would be admissible under Evid.R. 803(3).
 {¶ 7} Even if some hearsay statements were erroneously admitted, this was not a trial to a jury, but rather to the court. In a trial to the bench it is presumed that the court "considered only relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." State v. Brown (1995),101 Ohio App.3d 784, 787, 656 N.E.2d 741. The record in this case does not indicate that the trial court considered any improper evidence. Thus, we presume that the trial court based its judgment only upon admissible evidence. The first assignment of error is overruled.
 {¶ 8} In the second assignment of error, Myrle claims that the trial court's judgment was against the manifest weight of the evidence and asks this court to vacate the entry of divorce. The basis of Myrle's argument is that the trial court had to establish fault and there was not enough evidence to find Myrle at fault. Myrle instead claims that the evidence merely shows incompatibility, not extreme cruelty. This court notes that Peggy did make a claim of incompatibility in her initial complaint. However, this claim was denied by Myrle. A claim of incompatibility cannot be grounds for divorce if it is denied by the other party. R.C. 3105.01. Since, incompatibility as grounds for divorce was not available, the trial court had no option but to find fault with one of the parties if, in its discretion, the trial court determined that a divorce was appropriate. Myrle also claims that the evidence may show that Peggy was at fault since she found a new companion. However, Myrle did not file a counterclaim for divorce, so the issue of Peggy's behavior is not before the trial court.
 {¶ 9} The definition of extreme cruelty is sufficiently broad to encompass acts and conduct which destroy the peace of mind and happiness of one of the parties to the marriage and make the marital relationship intolerable to that party. Verplatse v. Verplatse (1984),17 Ohio App.3d 99, 477 N.E.2d 648. In this case, the evidence demonstrated that although Myrle did not engage in any one act that could be defined as cruel, there was a pattern of conduct that resulted in Peggy being very unhappy in the marriage. The testimony was that Peggy received very little help with the household chores even though she worked a full time job outside of the home. The testimony also indicated that Myrle would make major decisions, such as the purchase of a new car, without consulting Peggy. The couple rarely socialized with others. Additionally, the couple frequently went for weeks without speaking to each other. Although Peggy may have some responsibility for the situation, the result was that she was miserable and wanted out of the marriage. Myrle, on the other hand, sees nothing wrong with the situation and wants the situation to continue as it has. Based upon this evidence, the trial court, in its discretion, could have determined that a finding of extreme cruelty as grounds for divorce was justified. Since there is some evidence to support the trial court's judgment, we do not find that the trial court abused its discretion. The second assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Auglaize County, Domestic Relations Division, is affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.