

**In re R.R.**

2004-Ohio-7364.]

Juvenile Court of Cuyahoga County,
Ohio.

No. DL 04106400.

Decided Nov. 8, 2004.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Thomas J. Kelly, Assistant Prosecuting Attorney, for the state of Ohio.

Robert L. Tobick, Chief Public Defender, and John Patrick Hyland, Assistant Public Defender, for the juvenile.

SIKORA, Judge.

## BACKGROUND

{¶ 1} On June 13, 2004, the Cleveland Metropolitan Housing Authority ("CMHA") police filed a one-count complaint alleging that R.R. had violated R.C. 2903.11(A)(2), felonious assault, a felony of the second degree if committed by an

adult. During trial on August 31, 2004, the victim testified that at a public park, the juvenile defendant fired two shots from a BB gun, one striking the victim in the back and the other in the leg, neither penetrating the fabric of his clothing. On cross-examination, the victim testified further that he was unharmed and did not seek medical attention because the encounter left only a superficial mark. Police never recovered the BB gun in question. The arresting officer testified as to the character of BB or pellet guns in general, suggesting that certain kinds of BB or pellet guns may possess the capability of inflicting death, but that here no ballistic testing was conducted. The state rested, and the defense moved to dismiss pursuant to Crim.R. 29. This court overruled the motion, and the matter was continued to September 29, 2004, for adjudication and disposition. Each side was asked to submit briefs on whether a BB gun falls within the purview of R.C. 2923.11, defining "deadly weapon."

## LAW

{¶ 2} R.C. 2903.11 provides:

{¶ 3} "(A) No person shall knowingly do either of the following:

{¶ 4} " * * *

{¶ 5} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

{¶ 6} The evidence in the instant case does not establish that the BB gun used by the defendant was of the same character as any "dangerous ordnance" listed in R.C. 2923.11(K). Thus, the issue before this court is whether the BB gun used by the defendant may be considered a "deadly weapon" under R.C. 2923.11(A). A deadly weapon is defined in R.C. 2923.11(A) as "any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon."

{¶ 7} In Ohio, it is settled that in certain circumstances, a pellet or BB gun may be a deadly weapon if it is capable of inflicting death when it is used as designed or upon evidence of its potentially lethal character when used as a bludgeon. *State v. Ewing* (Mar. 27, 1980), Cuyahoga App. No. 41080, 1980 WL 354847 (potential for lethality of inoperable BB gun shown when used as bludgeon); see, also, *State v. Hicks* (1984), 14 Ohio App.3d 25, 14 OBR 29, 469 N.E.2d 992; *State v. O'Neill* (Dec. 19, 1985), Cuyahoga App. No. 49881, 1985 WL 4599 (potential for lethality of BB gun shown when used as designed). The facts of the present case do not support such a finding.

{¶ 8} The state cites three Eighth District cases in support of the proposition that a BB or pellet gun constitutes a deadly weapon as a matter of law. Under the circumstances presented, reliance on these cases is misplaced. In the first case, *State v. Gray* (1984), 20 Ohio App.3d 318, 20 OBR 420, 486 N.E.2d 159, the defendant was charged with attempted murder, tried and convicted of the lesser included offense of felonious assault, and sentenced with a firearm specification. The issues on appeal were whether a firearm specification could be attached to a felonious assault charge when the weapon in question was a BB gun and whether aggravated menacing and menacing were lesser included offenses of felonious assault. Id. at 319, 20 OBR 420, 486 N.E.2d 159. In *Gray,* the court distinguished a firearm from a BB gun based on the controlled explosion present in a handgun as opposed to the spring action of a BB gun. Id. While explaining an important distinction between BB guns and firearms, the court's passing reference to a BB gun as a deadly weapon provides no guidance here. The language on which the state relies was dicta, and the holding of the court of appeals indicates only that BB guns in general are not firearms under R.C. 2923.11(B) and that menacing is not a lesser included offense of felonious assault.

{¶ 9} The second case cited by the state is *O'Neill,* Cuyahoga App. No. 49881, 1985 WL 4599. In *O'Neill,* the defendant was found guilty of felonious assault following evidence at trial that the defendant misfired a CO2–powered pellet gun at a police officer. The question on appeal was whether an unloaded pellet gun could be a deadly weapon to sustain a conviction for felonious assault. The court pointed to the state's presentation of evidence by a ballistics expert. A test of the pellet gun used in the commission of the offense demonstrated that when the gun was loaded, the pellet shot "from a distance of twenty-five feet through a hard pine board and a block of paraffin wax." Id. at 2. In *O'Neill,* unlike the instant case, the state presented evidence of the potentially deadly character of the particular pellet gun used in the commission of the offense.

{¶ 10} Finally, the state cites another unreported case from the Eighth District, *State v. Radziewicz* (June 6, 1991), Cuyahoga App. No. 58650, 1991 WL 97326. In upholding a conviction for felonious assault upon the state's evidence that the defendant shot the victim with a slingshot, the court, in a footnote, stated that "a BB gun, which generally fires smaller projectiles than a slingshot and with less force, is considered a deadly weapon." Id. at fn. 1. However, the footnote cited in *Radziewicz* is dicta; thus, the fleeting reference to a BB gun is not controlling in this matter. Furthermore, in *Radziewicz,* the state presented evidence that the slingshot was used in the manner for which it was designed, producing a one-inch indentation in an automobile, and was thus shown to be capable of causing death. Id. at 2.

{¶ 11} The state has cited dicta in *Radziewicz*, which in turn, cited dicta in *Gray*, the latter decision addressing issues beyond the scope of the instant case. Ultimately, the state correctly cites *Radziewicz* and *O'Neill* for establishing the potential for lethality based on ballistics testing of a slingshot or pellet gun when used as designed. These cases should be read as simply following the requirement of R.C. 2923.11(A). In both cases, the court points to evidence of the capability of the particular instrument to inflict death. The question consistently turns on the sufficiency of evidence concerning the dangerous character of the weapon in question.

{¶ 12} Of compelling persuasiveness is the First District decision in *State v. Brown* (1995), 101 Ohio App.3d 784, 656 N.E.2d 741. In *Brown*, the court found error in a felonious assault conviction in the absence of evidence establishing the capability of the particular BB gun to inflict death when used as designed or otherwise. Id. at 789, 656 N.E.2d 741. The court first acknowledged that a BB gun may be a deadly weapon when evidence demonstrates its use as a bludgeon or upon evidence that the BB gun in question is so powerful that it could be a deadly weapon by its very nature. Id. at 788, 656 N.E.2d 741. Citing an Eighth District decision, *State v. Hicks* (1984), 14 Ohio App.3d 25, 14 OBR 29, 469 N.E.2d 992, the court stressed that sufficiency of evidence turns on an examination of the instrument used in the commission of the offense. "The appellate court in *Hicks* also itself examined the weapon involved and concluded that it was in fact a deadly weapon." Id.

{¶ 13} State supposition concerning how an object, here a BB gun, could have been used, and its potentially deadly character, without evidence of such use and character, serves only to encourage wildly liberal statutory interpretation. It is well settled that "[s]ections of the Ohio Revised Code defining offenses or penalties shall be strictly construed against the State and liberally construed in favor of the accused." *State v. Merriweather* (1980), 64 Ohio St.2d 57, 18 O.O.3d 259, 413 N.E.2d 790; see, also, *State v. Blagajevic* (1985), 21 Ohio App.3d 297, 21 OBR 443, 488 N.E.2d 495.

{¶ 14} Here, the BB gun in question was not introduced into evidence. At trial, the arresting officer testified as to the mechanical distinction between two different types of BB guns, but could not establish which group the BB gun in question belonged to. Likewise, the testimony of the victim did not provide any guidance with regard to the character of the BB gun. Moreover, the state did not offer testimony from any witness who might have been in a position to observe the instrument and the circumstances surrounding the offense. Absent sufficient evidence that the BB gun in question was capable of causing death by its very nature when used as designed, as a bludgeon, or otherwise, it does not fall within the purview of R.C. 2923.11(A).

{¶ 15} Therefore, the state has not shown an essential element of R.C. 2903.11(A)(2). Accordingly, this court finds the juvenile not delinquent of felonious assault, R.C. 2903.11(A)(2), but, instead, delinquent of assault, R.C. 2903.13(A), a misdemeanor of the first degree.

Judgment accordingly.