[Cite as *State v. Miller*, 2025-Ohio-721.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| DWIGHT MILLER | : | Case No. 24CA008 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas of Holmes County
                             23 CR 080

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            March 4, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

Robert K. Hendrix                         Jeffery G. Kellogg
Assistant Prosecuting Attorney            5 S. Washington Street
164 E. Jackson Street                     Millersburg, Ohio 44654
Millersburg, Ohio 44654

*Gormley, J.*

**{¶1}** Defendant Dwight Miller appeals from the judgment of the Holmes County Court of Common Pleas, where he was found guilty of felonious assault. Miller contends that the trial court's verdict was not supported by sufficient evidence and was against the manifest weight of the evidence. For the reasons explained below, we affirm the trial court's judgment.

## Facts and Procedural History

**{¶2}** Miller and his neighbor W.D. have been involved in a dispute over property lines for more than 15 years. On April 27, 2023, Miller began to remove a tree stump from land that the neighbor believed was on his — that is, the neighbor's — property. Miller carried a woodcutting axe and a shovel while working to remove the tree stump. The neighbor ordered Miller to leave the property, and an argument ensued.

**{¶3}** Miller punched his neighbor in the chest, causing that person to fall backwards against a nearby tree. Miller then poked the neighbor in the chest with the handle of the axe. When the neighbor grabbed the axe's handle, Miller responded by swinging his shovel at the neighbor's head. The neighbor blocked the swing by raising his forearm, which sustained a laceration when the shovel struck his arm. The neighbor then seized the shovel and threw it aside. At that point, Miller took the axe and swung it at his neighbor but stopped his swing before striking anything.

**{¶4}** At a bench trial held in February 2024, Miller was convicted of felonious assault for causing physical harm to his neighbor with the shovel. Miller now appeals.

## Miller's Conviction Was Supported by Sufficient Evidence

{¶5} In his first assignment of error, Miller contends that the trial court's verdict was not supported by sufficient evidence.

{¶6} "When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed but, rather, whether the evidence, 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Pountney*, 2018-Ohio-22, ¶ 19, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "'The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Howell*, 2020-Ohio-174, ¶ 28 (5th Dist.), quoting *Pountney* at ¶ 19. A "verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis*, 79 Ohio St.3d 421, 430 (1997).

{¶7} To convict Miller of felonious assault, the state was required to prove beyond a reasonable doubt that Miller "knowingly . . . [c]ause[d] or attempt[ed] to cause physical harm to another . . . by means of a deadly weapon[.]" R.C. 2903.11(A)(2).

{¶8} At trial, the state introduced evidence of each element of the offense. The neighbor W.D. testified that Miller swung a pointed gardening shovel at W.D.'s head and that W.D. blocked the shovel with his forearm. Photos were introduced showing the laceration to W.D.'s forearm and blood running down to his wrist.

{¶9} Viewing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found that each element of the offense was proven beyond a reasonable doubt.

{¶10} Miller contends, however, that there was no evidence introduced by the state to support the trial court's conclusion that the shovel used in the assault was a deadly weapon. We find this argument unpersuasive.

{¶11} Ohio law defines a "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). No household item, "no matter how small or commonplace, can be safely disregarded for its capacity to cause death when it is wielded with the requisite intent and force." *State v. Moody*, 2010-Ohio-3272, ¶ 40 (5th Dist.). *See also State v. Chappell*, 2002 WL 337726, *4 (8th Dist. Feb. 21, 2002) (a beer bottle can be a deadly weapon); *In re Smith*, 142 Ohio App.3d 16, 23 (8th Dist. 2001) (a ballpoint pen); *State v. Doan*, 1994 WL 721550, *1 (1st Dist. Dec. 28, 1994) (a shovel); *State v. Quinones*, 1990 WL 6238 (5th Dist. Jan. 22, 1990) (a piece of steel wire); *State v. Hicks*, 14 Ohio App.3d 25, 26 (8th Dist. 1984) (a toy gun). Whether an object was used in a manner that renders it a deadly weapon is a question of fact for the trier of fact. *See State v. Sess*, 2016-Ohio-5560, ¶ 15 (12th Dist.). "The intent of the user, manner of use, and actions of the user are among the factors that must be examined." *Id.*

{¶12} The neighbor W.D. testified that Miller swung the shovel at his head and with enough force that the blow to his forearm caused a gash or wound. If W.D. had been unable to block the shovel with his forearm, his head would have absorbed the impact of

the strike. The trial judge, therefore, had sufficient evidence to conclude beyond a reasonable doubt that the shovel, as used by Miller, was a deadly weapon.

{¶13} We have reviewed the record and concluded that the trial judge was presented with sufficient evidence to convict Miller of felonious assault. Miller's first assignment of error is overruled.

## Miller's Conviction Was Not Against the Manifest Weight of the Evidence

{¶14} In his second assignment of error, Miller contends that the trial court's verdict was against the manifest weight of the evidence.

{¶15} "In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the 'thirteenth juror,' and after 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.'" *State v. Hane*, 2025-Ohio-120, ¶ 20 (5th Dist.), quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶16} "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *State v. Butler*, 2024-Ohio-4651, ¶ 75 (5th Dist.). "'The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the [trial judge] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *State v. Williams*, 2024-Ohio-5578, ¶ 61 (5th Dist.), quoting *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80 (1984). "[A]n appellate court will leave the issues of weight and credibility of the evidence to the

factfinder, as long as a rational basis exists in the record for its decision." *State v. Sheppard*, 2025-Ohio-161, ¶ 66 (5th Dist.).

**{¶17}** Miller's conviction was not against the manifest weight of the evidence. Miller did not testify or call any other witnesses at trial. The evidentiary conflict that Miller points to arises from his account of the incident, as given to Deputy Cory McVicker, who had responded to the scene of the assault and who testified at the trial.

**{¶18}** Earlier in the trial, the prosecution introduced the footage of Deputy McVicker's body camera as he arrived at the scene and took statements from the parties. After the state rested its case, Miller introduced the same recording as one of his own exhibits. That footage shows that, while being questioned by Deputy McVicker, Miller denied ever striking his neighbor with a shovel or an axe.

**{¶19}** The trial judge, after weighing all of the evidence, found that the state had met its burden of persuasion on the felonious-assault charge. In reaching such a finding, the trial judge did not lose his way or bring about a manifest miscarriage of justice. The neighbor's testimony could very well have been viewed as more credible than Miller's statement because the neighbor's version of the encounter was corroborated by, and was more consistent with, the photographs of the injury to neighbor's forearm.

**{¶20}** A rational basis exists in the record to support the trial judge's resolution of the evidentiary conflict. Miller's conviction was, therefore, not against the manifest weight of the evidence. Miller's second assignment of error is overruled.

**{¶21}** For the reasons explained above, we affirm the judgment of the trial court.


By: Gormley, J.

Hoffman, P.J. and

Popham, J. concur.