THE STATE OF OHIO, APPELLANT, *v.*
MERRIWEATHER, APPELLEE.

(No. 80-260—Decided December 3, 1980.)

*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr. Michael J. Scherach,* for appellant.

*Savoy, Serazin & Deery Co., L.P.A.,* and *Mr. Scott F. Serazin,* for appellee.

WILLIAM B. BROWN, J. The issue presented herein is whether the crime of robbery under R. C. 2911.02 is a lesser-included offense of the crime of aggravated robbery under R. C. 2911.01(A)(1).

There is no dispute that the indictment only included a

charge for aggravated robbery under R. C. 2911.01(A)(1).[1] Thus, the trial court was correct in instructing the jury on robbery only if robbery is a lesser-included offense of aggravated robbery under R. C. 2911.01(A)(1),[2] *i.e.,* only if robbery consists entirely of some but not all elements of aggravated robbery under R. C. 2911.01(A)(1). See *State* v. *Hreno* (1954), 162 Ohio St. 193, paragraph two of the syllabus.

In pertinent part, R. C. 2911.01 defines aggravated robbery as follows:

"(A) No person, in attempting or committing a theft offense***shall***:

"(1) Have a deadly weapon or dangerous ordnance***on or about his person or under his control;***"

In pertinent part, R. C. 2911.02 defines robbery as follows:

"(A) No person, in attempting or committing a theft offense***shall use or threaten the immediate use of force against another."

The Court of Appeals ruled that robbery is not a lesser-included offense of aggravated robbery under R. C. 2911.01(A)(1) because the "use or threaten[ed]***immediate use of force against another," which is an element of robbery, is not an element of aggravated robbery under R. C. 2911.01(A)(1). Accord *State* v. *Washington* (1978), 56 Ohio App. 2d 129, 140.

The state herein counters that robbery is a lesser-included offense because the "deadly weapon element" of aggravated robbery under R. C. 2911.01(A)(1), *i.e.,* "hav[ing] a deadly weapon or dangerous ordnance***on or about his person or under his control," necessarily embraces "use or threaten[ed] ***immediate use of force against another." In support of this contention, the state argues that "force" within the meaning of the robbery statute should be given a broad interpretation.

---

[1] The indictment herein paraphrases R. C. 2911.01(A)(1). It states that defendant "***unlawfully and purposely on or about the 19th day of January, 1978, did, in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, have a deadly weapon, to-wit: a handgun, on or about his person or under his control, in violation of Section 2911.01 of the Ohio Revised Code, a Felony in the First Degree."

[2] See R. C. 2945.74 and Crim R. 31(C).

See R. C. 2901.01(A). Further, the state argues that the General Assembly intended robbery to be a lesser-included offense as evidenced by the Legislative Service Commission Note to R. C. 2911.02.

The state's argument is without merit. This court is bound by the language of criminal provisions, not unofficial Legislative Service Commission Notes. Additionally, this court is required to construe such criminal provisions "strictly * * * against the state, and liberally * * * in favor of the accused." R. C. 2901.04(A). Accord *Harrison* v. *Ohio* (1925), 112 Ohio St. 429; *State, ex rel. Moore Oil Co.,* v. *Dauben* (1919), 99 Ohio St. 406.

Irrespective of how broadly "force" is defined under the robbery statute, it remains that an accused can be convicted of aggravated robbery under R. C. 2911.01(A)(1) without having used or threatened to use any force, as long as the accused merely possesses a deadly weapon or dangerous ordnance during the commission of a theft. Thus, since aggravated robbery under R. C. 2911.01(A)(1) does not include an element concerning the use or threatened use of force, robbery under R. C. 2911.02, which does include such an element, is not a lesser-included offense.

The General Assembly has codified R. C. 2911.02 and 2911.01(A)(1) as separate and distinct offenses. Indeed, if we were to conclude instead that robbery under R. C. 2911.02 is a lesser-included offense of aggravated robbery under R. C. 2911.01(A)(1), we would in effect be usurping the legislative function by amending R. C. 2911.01(A)(1) to include "use or threaten[ed] * * * immediate use of force against another" as an additional element.[3] We of course refuse to do so.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

---

[3] Assuming, *arguendo,* that we did herein interpret R. C. 2911.01(A)(1) to include this additional element, and thus sustain the robbery conviction, we would be required to confront the possible defect of convicting *this* defendant for an offense not fairly discoverable as a separate and distinct offense or as a lesser-included offense from the indictment (see fn. 1), from R. C. 2911.01(A)(1) and 2911.02, and from the then existing case law (see *State* v. *Washington, supra).*

McBRIDE, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

CELEBREZZE, C. J., concurs in the judgment.

McBRIDE, J., of the Second Appellate District, sitting for P. BROWN, J.

HOLMES, J., concurring. I concur in the opinion of the majority herein based upon the following reasoning.

We must start, first, with the basic statutory requirement of R. C. 2901.04(A) that, "Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

Second, an indictment need not be in the exact language of the statute defining the offense, so long as all the essential elements of the crime are contained in language equivalent to that used in the statute, and the accused is advised in the indictment of the nature and cause of the accusation he is expected to meet. *State* v. *Oliver* (1972), 32 Ohio St. 2d 109.

Here, the specific section of law set forth in the indictment was R. C. 2911.01(A)(1), which charged that the defendant, in committing or attempting to commit a theft offense, had a handgun "on or about his person, or under his control." Thus, the issue for this court is whether the possession of a deadly weapon constitutes the use or threatened use of force which is one of the elements of robbery under R. C. 2911.02. If these elements are indeed different, robbery may not be considered a lesser included offense of aggravated robbery, since all the elements of the lesser included offense must be present in the greater offense as charged. *State* v. *Hreno* (1954), 162 Ohio St. 193.

I must agree with the appellee that the acceptance of appellant's argument that the use of force, or the threatened use of force, and the possession of a deadly weapon, are inherently synonymous, would require an interpretation of R. C. 2911.01(A)(1) that adds an element of actual use, or the intent to use, a deadly weapon. Had the indictment here encompassed R. C. 2911.01(A)(2), which sets forth the additional element, "[i]nflict, or attempt to inflict serious physical harm on another," I would have much more difficulty with this concurrence.

It is argued that the General Assembly intended to carry forth the scheme of robbery to be a lesser included offense of aggravated robbery, as was found in our interpretation of the prior Criminal Code which held robbery to be a lesser included offense of armed robbery.

The General Assembly may have attempted to carry out such a scheme, and the Legislative Comments would so indicate, but to so hold here would be contrary to the language specifically adopted by the General Assembly. If the crime of robbery is to be a lesser included offense of aggravated robbery in Ohio, the General Assembly will now have the opportunity to provide the appropriate language.