THE STATE OF OHIO, APPELLEE, *v.* WASHINGTON, APPELLANT.

(No. C-820373—Decided March 9, 1983.)

Mr. Simon L. Leis, Jr., prosecuting attorney, *Mr. Christian J. Schaefer* and *Mr. William P. Whalen, Jr.,* for appellee.

*Mr. William B. Church III,* for appellant.

BLACK, J. Defendant-appellant, Charles Washington, was indicted on two counts of aggravated robbery in violation of R.C. 2911.01(A)(2),[1] the allegation in

---

[1] R.C. 2911.01, at the time pertinent herein, read in full:

"(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

each count being that he "inflicted or attempted to inflict serious physical harm" on a named victim. On defendant's motion under Crim. R. 29, made at the conclusion of the state's case in a bench trial, the court reduced the charges to robbery, a violation of R.C. 2911.02.[2] After hearing the defense, the court found defendant guilty of the "reduced" offense under both counts and imposed consecutive sentences. Defendant now claims in his single assignment of error that the court erred in reducing the charges to robbery as a lesser-included offense of aggravated robbery, citing *State* v. *Merriweather* (1980), 64 Ohio St. 2d 57 [18 O.O.3d 259]. We find no merit in the claim.

The *Merriweather* decision is succinctly summarized in its syllabus:

"The crime of robbery under R.C. 2911.02 is not a lesser-included offense of the crime of aggravated robbery under R.C. 2911.01(A)(1)."

The reason for this decision is that the crime of robbery requires proof of a fact that is additional to the essential elements of aggravated robbery under subdivision (A)(1) of R.C. 2911.01. For robbery, it must be proved that the accused used or threatened the immediate use of force against another, but for aggravated robbery under subdivision (A)(1), the proof must be that the accused had a deadly weapon or dangerous ordnance on or about his person or under his control. A person may simply possess such a weapon or ordnance and thereby be convicted of aggravated robbery, without using or threatening to use force.

The circumstances are different when the initial charge is aggravated robbery under subdivision (A)(2) of R.C. 2911.01, because the pertinent element of the offense is that the accused inflicted or attempted to inflict serious physical harm on another. To do so, the accused must necessarily use "force," defined in R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Thus, an aggravated robbery during which serious physical harm is inflicted or attempted cannot be committed without also committing a robbery. Further, to prove robbery, it is not necessary to prove one of the elements of aggravated robbery: that is, the actual or attempted infliction of serious physical harm. Finally, as a felony of the second degree, robbery is a lesser offense than aggravated robbery, a felony of the first degree. Using the tests set forth in *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382 [18 O.O.3d 528], the crime of robbery under R.C. 2911.02 is a lesser-included offense of the crime of aggravated robbery under R.C. 2911.01(A)(2).

The evidence in the instant case illustrates the foregoing. While the evidence was conflicting, it was sufficient to prove to a reasonable mind beyond a reasonable doubt that defendant was one of four or five persons who physically attacked an older man and his daughter, that defendant pushed the older man to the ground, rolled him over, and stole cash from his shirt pocket, and that defendant pushed the daughter to the ground

"(1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control;

"(2) Inflict, or attempt to inflict serious physical harm on another.

"(B) Whoever violates this section is guilty of aggravated robbery, a felony of the first degree."

[2] R.C. 2911.02, at the time pertinent herein, read in full:

"(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another.

"(B) Whoever violates this section is guilty of robbery, a felony of the second degree."

and physically removed a bag of groceries from her grasp. The trial court ruled that no serious physical harm was inflicted or attempted — a decision beyond our review — and reduced the two counts to robbery. We find no error because the trier of fact could validly find that defendant used force against both victims.

We overrule the single assignment of error and affirm the judgment below.

*Judgment affirmed.*

SHANNON, P.J., and KLUSMEIER, J., concur.