The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as *State v. Johnson* (1988), 61 Ohio App.3d 693.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54323.

Decided Dec. 12, 1988.

694

*John T. Corrigan*, prosecuting attorney, for appellee.

*Richard P. Morrison*, for appellant.

MATIA, Judge.

Defendant-appellant, Henry Johnson, appeals from his convictions in a bench trial for three counts of robbery. The convictions are reversed.

On May 1, 1987, defendant was indicted for three counts of aggravated robbery, each count with an aggravated felony specification, and the first count with a gun specification.

The robberies allegedly occurred on March 2, 1987, between 5:15 p.m. and 7:30 p.m., within what appears to be a three or four block radius of the Ohio City neighborhood. All three victims positively identified the defendant in the courtroom as the perpetrator.

In the weeks following the robberies, two of the three victims were shown an array of photographs and each picked the defendant from the photographs. In addition, a person who saw the defendant run by her front window at the time the robberies were committed identified the defendant positively in court and picked him from the photographs, thereby placing the defendant in the area during the robberies.

In addition to the photographic identification, two of the victims and the witness picked the defendant from a police lineup, before which each was told by the police that a suspect had been arrested. One victim chose from the lineup a person other than the defendant.

On June 11, 1987, a bench trial of this matter began. However, prior to trial the court held a hearing during which it entertained several matters, two of which are relevant to this appeal.

First, the court overruled defendant's motion to sever the counts of the indictment. Second, the court held a lengthy hearing and conducted a voir dire of each identification witness. At the conclusion of the voir dire hearing, the court declined to suppress the testimony regarding the photographs and lineup identification testimony.

At the conclusion of the state's case, the court denied defendant's Crim.R. 29 motion for acquittal, but *sua sponte* amended the indictments " * * * to reflect the lesser and included offense of robbery * * *." At the conclusion of the trial, the defendant was found guilty of three counts of robbery.

## I

"The trial court erred to the prejudice of the defendant in overruling the defendant's motion to sever counts."

This assignment of error is overruled.

"A defendant claiming error in the trial court's refusal to allow separate trials of multiple charges under Crim.R. 14 has the burden of affirmatively showing that his rights were prejudiced; he must furnish the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial, and he must demonstrate that the court abused its discretion in refusing to separate the charges for trial." *State v. Torres* (1981), 66 Ohio St.2d 340, 20 O.O.3d 313, 421 N.E.2d 1288.

Here, defendant was allowed to adequately present to the trial court his reasons in favor of separate trials for each count of the indictment. The trial court, after consideration of defendant's argument, declined to separate the charges. In reviewing the entire record, we find that the trial court did not abuse its discretion in allowing a joinder of offenses.

Furthermore, we note that the proximity of the crimes, both in time and place, indicate that joinder in this case was proper. In *State v. Mathis* (Oct. 31, 1985), Cuyahoga App. Nos. 49640 and 49641, unreported, we held that joinder was proper where the defendant was accused and convicted of committing three robberies over *two* separate days in the same neighborhood, Shaker Square, using a similar *modus operandi* each time.

Defendant-appellant's first assignment of error is overruled.

## II

"The trial court erred in overruling defendant's motion to suppress eye-witness identification."

This assignment of error is overruled.

"Convictions based on eyewitness identification at trial, following a pre-trial identification by photograph, will be set aside only if the photographic identification procedure is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *State v. Perryman* (1976), 49 Ohio St.2d 14, 3 O.O.3d 8, 358 N.E.2d 1040.

■ We find untenable the defendant-appellant's argument that because the photospread and lineup identifications resulted in some tentativeness on behalf of some of the witnesses, the in-court identification of the defendant was tainted. A review of the entire record reveals that there does not exist a "very substantial likelihood" of a mistaken identification.

Defendant's second assignment of error is overruled.

### III

"The trial court erred to the prejudice of the defendant in amending the indictment from three counts of aggravated robbery contrary to Ohio Revised Code Section 2911.01(A)(1) to three counts of robbery, contrary to Ohio Revised Code Section 2911.02."

This assignment of error is well-taken.

R.C. 2911.01 reads:

"(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

"(1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control;

"(2) Inflict, or attempt to inflict serious physical harm on another.

"(B) Whoever violates this section is guilty of aggravated robbery, an aggravated felony of the first degree."

In pertinent part, the indictment against the defendant alleged that the defendant:

" * * * in the County of Cuyahoga, unlawfully and purposely and in attempting or committing a theft offense as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, did inflict, or attempted to inflict serious physical harm on another, * * * and/or did, in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense upon Michael Foley, have a deadly weapon or dangerous ordnance, to-wit: gun, on or about his person or under his control."

However, at trial the state elected to prove that defendant had violated R.C. 2911.01*(A)(1)* (emphasis added) by presenting evidence that the defendant had in his possession or control at the time of the robberies a deadly weapon or dangerous ordnance, as opposed to proving that the defendant caused serious physical harm to the victims. (R.C. 2911.01[A][2].)

At first, the state would not make such an election and the court left the matter "in abeyance." Moreover, the issue remained unresolved at the beginning of the trial, prior to the presentation of any evidence:

"COURT: And it's my understanding that the prosecution has made its election as relates to the indictments, is that correct?

"PROSECUTOR: That is correct, your Honor. The State would proceed with—the State would proceed as to—how should I describe it?

"THE COURT: The and/or portion of the indictments, is that correct?

"PROSECUTOR: Correct.

"THE COURT: As relates to each count?

"PROSECUTOR: Yes, your Honor, as relates to each count."

We state that no election was made at this point of the trial because it is impossible for us to interpret the intent of the state using the above language. The state at first says an election has been made but then fails to put forth the election. At best, it appears that the state elected by not making an election; in other words, the state would try to show *either* a violation of R.C. 2911.01(A)(1)—possession of a deadly weapon or dangerous ordnance, or R.C. 2911.01(A)(2)—serious physical harm. However, the first count of the indictment contained a "gun specification" and the other two counts alleged possession of a club, and there was never any evidence presented showing serious physical harm or an attempt to inflict serious physical harm. Therefore, we must assume the state was proceeding under R.C. 2911.01(A)(1).

At the close of the state's case, defendant under Crim.R. 29 requested the court to dismiss each count of the indictment against defendant based on insufficiency of evidence. Pertinent to our discussion, counsel claimed that there was insufficient evidence to show that at the time of the robberies defendant had in his possession or control a deadly weapon or dangerous ordnance, negating subsection *(A)(1)* of R.C. 2911.01. Therefore, it is clear that the defendant had understood the gist of the state's case against defendant as a violation of R.C. 2911.01(A)(1).

The court overruled defendant's motion but, *sua sponte*, amended each count of the indictment "to reflect the lesser and included offense of robbery * * *." "Robbery" is defined in R.C. 2911.02:

"(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another.

"(B) Whoever violates this section is guilty of robbery, an aggravated felony of the second degree."

Defendant's counsel immediately argued against such an amendment, contending that the state had elected to pursue the "deadly weapon/dangerous ordnance" element of aggravated robbery and therefore robbery was not a lesser and included offense of aggravated robbery, citing *State v. Merriweather* (1980), 64 Ohio St.2d 57, 18 O.O.3d 259, 413 N.E.2d 790.

In response, the state argued:

"PROSECUTOR: Your Honor, the State is contending, since the Court has ruled on the 29 Motion and have [*sic*] amended the indictment to robbery with aggravated felony specification, it is the State's contention that the robbery is a lesser and included offense of aggravated robbery; and I'm reading from my book, where I think it's contrary to what the defendant's attorney has just read under 2911.01, *Section 2(A), which is what the indictment is now reading, that this defendant did, in attempting or committing a theft offense, or fleeing immediately after such offense, did have a deadly weapon or dangerous ordinance [sic] on or about his person.*

"And I think, under *that* section of the Revised Code, that is a lesser and included offense of robbery." (Emphasis added.)

Once again, it is impossible to understand the gist of the state's argument. First, R.C. 2911.01 has *no* "Section 2(A)." Second, if the indictment "is now reading" that the defendant had in his possession a deadly weapon or dangerous ordnance at the time of the robberies, then robbery is not a lesser and included offense of aggravated robbery. (*State v. Merriweather, supra.*) If, however, the defendant after the indictment was amended stood accused of a violation of R.C. 2911.01*(A)(2)* (emphasis added), requiring serious physical harm, then robbery *is* a lesser included offense of aggravated robbery (*State v. Washington* [1983 Hamilton Cty.], 8 Ohio App.3d 314, 8 OBR 423, 457 N.E.2d 369). The obvious question is to what was the prosecutor referring when he said: "And I think, under *that* section of the [R]evised [C]ode, that is a lesser and included offense of robbery." (Emphasis added.) In other words, what section of the Revised Code is "that" section. We agree with the defendant that when the original indictments are read and the evidence presented by the state is reviewed, the state's case proceeded under the theory that the defendant violated R.C. 2911.01(A)(1):

"(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

"(1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control[.]"

As a result, the trial court erred when it stated that robbery was a lesser and included offense of the aggravated robbery.

"The crime of robbery under R.C. 2911.01 is not a lesser-included offense of the crime of aggravated robbery under R.C. 2911.01(A)(1)." *State v. Merriweather, supra.* (See also, *State v. Henderson* [June 18, 1981], Cuyahoga App. No. 42765, unreported.)

Next, we must determine whether the court committed reversible error when it amended the indictments and then found the defendant guilty under the indictments *as amended.* We hold that this was reversible error.

Crim.R. 7(D) states, in pertinent part:

"Amendment of indictment, information or complaint. The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.* * * * " (Emphasis added.)

We have discussed *infra* that robbery contains an element of force or the threat of force, whereas aggravated robbery contains no such element as it relates to the defendant in this case.

In *State v. Woody* (1986), 29 Ohio App.3d 364, 29 OBR 493, 505 N.E.2d 646, the court held that an indictment for theft which alleges the taking of property *without* the owner's consent cannot be amended to charge the taking of property *beyond the scope of consent* and to so amend the indictment constituted reversible error.

In *State v. Morris* (1982), 8 Ohio App.3d 12, 16, 8 OBR 13, 17, 455 N.E.2d 1352, 1357, this court held:

"The trial judge's decision to convict defendant of a crime that was not charged in the indictment, and was not a lesser included offense of that charge, was a substantive change in an indictment which was prejudicial to defendant. The safeguards of Crim.R. 7(D) were not met. The trial judge's decision to convict defendant of the lesser unincluded offense [aggravated menacing] constituted an acquittal on the original felonious assault charge. Conviction for aggravated menacing was not permitted, so that conviction is reversed, and that portion of the judgment is vacated." (Footnote omitted.)

Likewise, here we cannot allow the court to amend an indictment to conform to the evidence presented by the state where the state choses to proceed on a theory and the evidence fails to prove an essential element of the offense charged but does prove an offense of a different name or identity, containing different elements. The crime charged should dictate the presentation of the evidence, not the reverse.

The judgment of the court below is reversed, and the appellant discharged.

*Judgment reversed.*

PATTON, J., concurs in judgment only.

KRUPANSKY, J., dissents.

PATTON, Judge, concurring in judgment only.

In the third assigned error, defendant contends that the court improperly amended the indictments from aggravated robbery to robbery. Defendant contends that robbery is not a lesser included offense of aggravated robbery; therefore, the court violated Crim.R. 7(D) since the amendment changed the "name or identity of the crime charged." This contention has merit.

As stated before, a trial court may amend the indictment at any time provided the amendment does not change the name or identity of the crime charged. Crim.R. 7(D). At the close of the state's case, the trial judge amended the indictment from aggravated robbery under R.C. 2911.01(A)(1) to robbery under R.C. 2911.02 by deleting the deadly weapon or dangerous ordnance language. The law in Ohio is clear that the crime of robbery under R.C. 2911.02 is not a lesser included offense of the crime of aggravated robbery under R.C. 2911.01(A)(1). *State v. Merriweather* (1980), 64 Ohio St.2d 57, 18 O.O.3d 259, 413 N.E.2d 790, syllabus; *State v. Porter* (Mar. 28, 1988), Cuyahoga App. No. 53552, unreported. By convicting defendant of robbery, the court made a substantive change in the indictment to defendant's prejudice. See *State v. Washington* (1978), 56 Ohio App.2d 129, 140–141, 10 O.O.3d 150, 156–157, 381 N.E.2d 1142, 1148–1149; *State v. Morris* (1982), 8 Ohio App.3d 12, 15–16, 8 OBR 13, 16–18, 455 N.E.2d 1352, 1356–1357. It follows that the third assigned error should be sustained and the convictions for robbery vacated.

Judgment should be vacated.

KRUPANSKY, Judge, dissenting.

I respectfully dissent from the majority opinion as it relates to defendant's third assignment of error.

Defendant was indicted under both R.C. 2911.01(A)(1) and 2911.01(A)(2). The majority correctly notes that R.C. 2911.02 is a lesser included offense of R.C. 2911.01(A)(2) but is not a lesser included offense of R.C. 2911.01(A)(1). The majority assumes the prosecutor made an "election" to proceed under only R.C. 2911.01(A)(1), and, therefore, the trial court erred in amending the indictment to the lesser included offense of robbery in violation of R.C. 2911.02.

However, the record fails to reflect whether the state made such an election. Nevertheless, assuming the prosecution did make such an "election," the record reflects no formal amendment of the indictment was made a part of the record.

In addition, such "election," if made, was made during trial. Defendant prior to trial had ample notice of the charges brought against him and ample time to prepare a defense to alleged violation of R.C. 2911.01(A)(2). Under the circumstances, the trial court did not err to the prejudice of defendant in amending the indictment at the close of the state's case in chief and prior to the presentation of defendant's case to reflect three counts of robbery in violation of R.C. 2911.02.

Accordingly, the conviction should be affirmed.