OPINION
Defendant-appellant, Stephen Michael Wharf, appeals his conviction, rendered in the Warren County Court of Common Pleas, for robbery[1] in violation of R.C.2911.02(A)(1). Appellant, in a single assignment of error, argues that the trial court erred by failing to instruct the jury on the mens rea "recklessly" for the element of robbery, "[h]ave a deadly weapon on or about the offender's person or under the person's control." Id.
Before addressing the merits of appellant's assignment of error, we briefly consider appellee's argument that appellant waived this issue pursuant to Crim.R. 30(A), which states that:
 At the close of evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. * * * On appeal, a party may not assign as error the giving or failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating the manner objected to and the grounds of the objections.
Appellant's trial counsel proposed specific jury instructions, including the jury instruction raised in this appeal. The proposed jury instruction stated in relevant part that
 Before you can find the Defendant guilty of robbery, you must find beyond a reasonable doubt * * * the Defendant knowingly obtained or attempted to obtain the property or services controlled by another without his or her consent, for the purpose of depriving them of that property or service, and that the Defendant RECKLESSLY had a deadly weapon on or about the offender's person or under the offender's control." (Emphasis sic.)
The trial judge decided not to include the proposed "deadly weapon" jury instruction. During the reading of the jury instructions, appellant's trial counsel at a side-bar conference told the trial court that "I would for the record object to not giving anything else that I asked for, also giving anything I didn't ask for." Appellee argues that this objection was too general to preserve the issue for appellate review.
The Ohio Supreme Court has "repeatedly held that a failure to object before the jury retires * * *, absent plain error, constitutes a waiver." State v. Williford (1990), 49 Ohio St.3d 247,251 (citations omitted). In Williford, defense counsel objected to a particular jury instruction, but did not propose any alternate jury instructions. Id. The court still found defense counsel's actions sufficient "to preserve possible errors for appeal." Id. By contrast, in this case, defense counsel did propose a specific alternate jury instruction. We find his statement at sidebar conference sufficiently references appellant's proposed "deadly weapon" jury instruction and, therefore, appellant preserved this issue for appeal. We now address the merits of appellant's assignment of error.
In Ohio, the elements for robbery are as follows:
 (A) No person, in attempting a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control;
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 (3) Use of threaten the immediate use of force against another.
R.C. 2911.02. (Emphasis added.) The robbery statute incorporates the elements of theft. See R.C. 2911.02(C)(2).
The elements of theft in relevant part are: "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * *." R.C. 2913.02. (Emphasis added.) Appellant concedes that the jury was properly instructed as to the mens rea for theft. However, appellant argues that, in addition, appellant must recklessly "[h]ave a deadly weapon on or about the offender's person or under the offender's control" to be convicted of robbery, R.C. 2911.02(A)(1). We disagree.
R.C. 2901.21(B) provides that:
 When the section defining an offense does not specify any degree of specificity, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.
We agree with appellant that robbery is not a strict liability offense. However, the question is whether the particular element of robbery, "[h]ave a deadly weapon on or about the offender's person or under the offender's control," must be committed recklessly.
This exact issue was raised in State v. Edwards (1976),50 Ohio App.2d 63. The defendant was convicted under the former aggravated robbery statute, R.C. 2911.01(A)(1), which is equivalent to the present robbery statute. In affirming the conviction, the Edwards court reasoned as follows:
 The section as originally proposed contained the language: "(1) The offender has, or causes another to believe he has a deadly weapon * * *." The emphasized portion, requiring the defendant to act so as to make the victim think the defendant has a weapon, was rejected by the legislature. (Proposed Ohio Criminal Code, March 1971, line 1820.)
* * *
 The thrust and philosophy * * * is to remove the potential for harm that exists while one is committing a theft offense. The anti-social act is the theft offense, committed while armed with a weapon. Merely having the weapon is the potentially factual condition warranting the more severe penalty. As to the weapon, no mental condition or actual use is necessary or required under the statute. (Underlining added; italics in original.)
Id. at 66-67. See, also, State v. Merriweather (1980), 64 Ohio St.2d 57,59. We find this reasoning equally persuasive under the present robbery statute, which uses the same language for the "deadly weapon" element.[2] Accordingly, the sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Appellant was also convicted of having a weapon while under disability, failure to comply with an order of a police officer, and receiving stolen property.
[2] We are aware of authority apparently contrary to our decision but do not find it persuasive. See State v. Steel (Oct. 21, 1997), Defiance App. No. 4-96-29, unreported, at 14; State v. Anthony (Sept. 30, 1994), Lake App. No. 93-L-096; State v. Westbrook (Sept. 23, 1992), Licking App. No. 92-CA-2; State v. Gulley (June 17, 1992), Summit App. No. 15137, unreported, at 4.