OPINION
Appellant Darris Roberson appeals the verdict rendered in the Stark County Court of Common Pleas. The following facts give rise to this appeal.
During the early morning hours of Sunday, April 11, 1999, appellant attacked Sabrina Douglas, a manager of a Massillon Burger King, as she arrived for work. Douglas unlocked the front door, entered the restaurant, and proceeded to the office to turn on the light. Appellant greeted her by pushing the door shut behind her and ordering her to open the safe. Douglas knew appellant because he had previously worked at the Burger King and his girlfriend, Robin Arana, was also a manager at the Burger King. Further, Douglas and Arana had also been roommates. Prior to closing the restaurant the night before the attack, appellant was present and had apparently secreted himself inside after closing.
While appellant asked Douglas to open the safe, Douglas noticed that appellant had a sock covering his hand and was holding a screwdriver and a knife. Appellant ordered Douglas to open the safe and sit on the floor as he removed approximately $3,000 from the safe. Appellant then ordered Douglas to go to the cooler and turn over her car keys to him. After Douglas complied, appellant ordered Douglas to enter the cooler and remove her clothes. As appellant entered the cooler with Douglas, he picked up a longer knife and informed Douglas that he always wanted to see her pussy. Appellant placed the knife against her inner thigh to get her to spread her legs.
Thereafter, appellant asked Douglas whom she would tell since they both knew each other. Douglas insisted that she would not tell anybody. Appellant stated that Douglas would tell the police and he proceeded with his attack. Appellant grabbed Douglas from behind and attempted to slash her throat. However, Douglas tucked her head and appellant slashed her chin and jaw. Douglas collapsed to the floor and curled up in a ball as appellant repeatedly beat and stabbed her. At one point during the attack, appellant threw a ten to fifteen pound tomato slicer at Douglas, striking her in the head.
Appellant only stopped the attack after Douglas became motionless. Appellant left the cooler and locked the door by jamming a screwdriver into the locking mechanism. After appellant left the cooler, Douglas managed to put on some of her bloody clothing and open the door to the cooler by using a safety mechanism. Appellant noticed her vehicle missing and proceeded to walk to the nearby BP gas station for help. Douglas informed the responding officers that appellant stole her vehicle and had the keys to her house. Appellant asked the officers to check on her children.
Subsequently, appellant was transported to the hospital for treatment. Appellant suffered from multiple stab wounds, slashes, and punctures to her head, neck, back, arms, hands, and buttocks. Appellant also had a collapsed lung. Appellant spent a total of nine days in the hospital. Approximately five hours after the attack, the police proceeded to appellant's residence where they arrested him.
Because appellant was a juvenile when he attacked Douglas, the Stark County Court of Common Pleas, Juvenile Division, bound appellant over to the General Division, on April 12, 1999, to be tried as an adult. On May 5, 1999, the Stark County Grand Jury indicted appellant on one count of attempted murder, two counts of aggravated robbery, one count of kidnaping, and one count of breaking and entering. This matter proceeded to trial on August 16, 1999.
Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to a determinate term of nine years for the attempted murder conviction, eight years for each of the aggravated robbery convictions, eight years for the kidnaping conviction and six months for the breaking and entering charge. The trial court imposed the two aggravated robbery sentences concurrently with each other, but consecutively with the remaining sentences. The trial court imposed the breaking and entering sentence concurrently, and imposed the remaining sentences consecutively for an aggregate term of incarceration of twenty-five years.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT FAILED TO PROPERLY INSTRUCT THE JURY PURSUANT TO CRIMINAL RULE 30, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT, THEREBY VIOLATING HIS CONSTITUTIONAL RIGHT TO DUE PROCESS WHEN THE COURT DENIED HIS CRIMINAL RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL AS TO THE CHARGE OF ATTEMPTED MURDER, AS THE STATE FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE EACH AND EVERY ELEMENT OF THE CHARGED OFFENSE BEYOND A REASONABLE DOUBT.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT RETURNED A VERDICT OF GUILTY, AS TO THE CHARGE OF ATTEMPTED MURDER, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 IV. THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE TO ATTEMPTED MURDER, FELONIOUS ASSAULT, AND DEPRIVED THE DEFENDANT/APPELLANT OF HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL AS SECURED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE AS TO AGGRAVATED ROBBERY, AND DEPRIVED THE APPELLANT OF HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL AS SECURED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN THE ADMISSION OF IRRELEVANT, PREJUDICIAL EVIDENCE, THEREBY VIOLATING HIS CONSTITUTIONAL DUE PROCESS RIGHTS TO A FAIR TRIAL.
 VII. THE DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, IN VIOLATION OF HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHTS.
 VIII. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT/APPELLANT TO A TERM OF IMPRISONMENT THAT EXCEEDED THE MINIMUM AUTHORIZED PRISON TIME.
 IX. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES IS CONTRARY TO LAW, THEREBY PREJUDICIAL TO THE DEFENDANT/APPELLANT.
 I
In his First Assignment of Error, appellant contends the trial court failed to properly instruct the jury pursuant to Crim.R. 30. We disagree.
Appellant sets forth two arguments in support of this assignment of error. First, appellant contends the trial court improperly corrected an instruction in the general charge to the jury. The record indicates that during the general charge to the jury, the trial court corrected two mistakes it made during the course of the charge. Appellant argues the trial court gave contradictory instructions and therefore, it is impossible to determine whether the jury properly applied the corrected instruction. Appellant also asserts that due to this confusion, the usual presumption that the jury followed the trial court's instructions does not apply.
The trial court made the following corrections in its general charge to the jury:
 Ladies and gentlemen, in the [written] instructions that I'm going to give you, I failed — I — in — I defined risk but I did not define substantial risk. It will be included in your [written] instructions. But substantial risk means a strong possibility, as contrasted with a remote or significant possibility that a certain result may occur or that certain circumstances may exist. And that does primarily to a substantial risk of, of, of death in the definition of sub — of serious physical injury. So it will be included under that definition, and I ask you to review it there.
 Secondly, in the definition of felonies, we included the definition of — we included the word kidnaping and the word — and the, and the crime breaking and entering. We will exclude those two words because under kidnaping to commit another felony the other felony cannot be the kidnapping so I'm going to exclude that. And breaking and entering is for the same reason. So when we define under felonies, we will exclude the term kidnaping and, and the term breaking and entering, and, and I hope that is not confusing to you. But those would be the two corrections to the instruction. Tr. Vol. III at 95-96.
The record also indicates that appellant did not object to these corrections, and in fact, appellant requested the trial court make these corrections. Id. at 94-96. Thus, we must analyze this argument under a plain error analysis. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v.D'Ambrosio (1993), 67 Ohio St.3d 424, 427; State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
In support of this argument, appellant cites to the case of State v.Gettys (1976), 49 Ohio App.2d 241. In the Gettys case, the trial court gave contradictory instructions relative to the burden of proof in a criminal case. The trial court did not indicate which instruction was correct and which one was erroneous. Thus, the jury had no guidance as to the proper legal standard to follow during its deliberations. On appeal, the court of appeals reversed the defendant's convictions and held:
 `Where both correct and incorrect instructions upon the same subject have been given to the jury, and where from the whole charge it is uncertain which rule the jury adopted, the judgment should be reversed. This rule has been applied to require reversal in many civil cases and it has been applied with the same result in criminal cases. No presumption arises, in such cases, that the jury has followed the correct instruction rather than the incorrect one, or that they were able to determine which was the correct one and the one which they should follow, either in civil cases or in criminal proceedings.'
 This is a material element and we cannot definitively say, taking the charge as a whole, the jury was not mislead. Id. at 252, citing 4 Ohio Jurisprudence 2d 280, Appellate Review, Section 998.
We conclude Gettys is inapplicable to the case sub judice because the trial court, in the matter currently before the court, did indicate to the jury which of its instructions was the correct statement of the law. Accordingly, we conclude the trial court did not commit plain error when it corrected the jury instructions as appellant did not establish that the outcome of the trial would have clearly been different but for the error. Thus, the presumption that the jury followed the trial court's corrected jury instructions applies. Appellant's second argument under this assignment of error is that the trial court committed plain error when it provided the jury with the instructions prior to closing arguments by counsel. Appellant claims the trial court had a mandatory duty to instruct the jury after closing arguments. In support of this argument, appellant relies on Crim.R. 30(A), which provides, in pertinent part:
(A) Instructions; error; record
 At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.
We recently addressed this issue in the case of State v. Baskin (Nov. 9, 2000), Stark App. No. 1999CA00240, unreported, and overruled this argument holding that:
 * * * [a]lthough appellant encourages us to invoke the doctrine of plain error, we are disinclined to do so where there is no challenge to the content of the instructions per se, but rather the order or format by which they were delivered by the court. See State v. Watts (June 10, 1987), Montgomery App. No. 10274, unreported; State v. Blakely (July 21, 2000), Ottowa App. No. OT-99-056, unreported. Id. at 2.
Accordingly, we conclude the trial court's decision to instruct the jury prior to the presentation of closing arguments did not rise to the level of plain error.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains the trial court erred when it overruled his motion for acquittal because the state failed to offer sufficient evidence to prove each and every element of the offense of attempted murder beyond a reasonable doubt. We disagree.
Crim.R. 29(A) addresses motions for acquittal and provides:
(A) Motion for judgment of acquittal
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The Ohio Supreme Court held in the case of State v. Bridgeman (1978),55 Ohio St.2d 261 that "* * * a trial court should overrule a Crim.R. 29(A) motion if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." Id. at syllabus. Appellant claims the state presented insufficient evidence to prove that he intended to kill Sabrina Douglas. On review for sufficiency, we must examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259.
Based on our review of the record, we conclude the trial court properly denied appellant's motion for acquittal because the record contains sufficient evidence to support the conclusion that appellant intended to kill Sabrina Douglas. Appellant made statements to Douglas indicating that he was worried she would go to the police and identify him as the perpetrator of the crime. After making these statements, appellant stabbed Douglas twenty-one times. Appellant used two weapons during the attack and only stopped stabbing Douglas after she stopped moving. The trial court properly denied appellant's motion for acquittal as to the charge of attempted murder.
Appellant's Second Assignment of Error is overruled.
 III
Appellant contends, in his Third Assignment of Error, that the jury's verdict finding him guilty of attempted murder is against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
As in the previous assignment of error, appellant challenges the manifest weight of the evidence on the issue of appellant's intent when he attacked Sabrina Douglas. Thus, we must determine whether the record demonstrates that the jury lost its way in assessing the evidence, judging credibility, and resolving conflicts. For the reasons stated in appellant's Second Assignment of Error, we find the jury's conclusion that appellant intended to kill Sabrina Douglas was not against the manifest weight of the evidence.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant contends the trial court erred when it failed to instruct the jury on felonious assault, which he claims is a lesser included offense of attempted murder. We disagree.
The trial court overruled appellant's request for an instruction on felonious assault based on this court's previous decision in State v.Williams (Sept. 23, 1996), Stark App. No. 95-CA-0258, unreported. In theWilliams case, we held:
 Following Deem and Koss, supra, this court must ask whether or not one can attempt to purposely cause the death of another without causing serious physical harm, that is without committing a felonious assault. Because the answer is yes, one who attempts to cause the death of another may fail and never inflict any harm whatsoever on the person, we are forced to conclude felonious assault is not a lesser included offense of the charge of attempted murder. The Supreme Court's decision in Koss requires us to ignore the fact Smith actually was seriously harmed. Id. at 3.
Accordingly, pursuant to our previous decision in Williams, we overrule appellant's Fourth Assignment of Error.
 V
Appellant contends, in his Fifth Assignment of Error, that the trial court erred when it refused to instruct the jury on the offense of robbery, as a lesser included offense of aggravated robbery. We disagree.
In support of his argument, appellant cites the case of State v.Schoonover (Sept. 21, 1998), Adams App. No. 97CA647, unreported. In theSchoonover case, the Adams County Court of Appeals concluded that under the new Senate Bill 2 version of the robbery statute, robbery, as defined in R.C. 2911.02(A)(1), is a lesser included offense of aggravated robbery under R.C. 2911.01(A)(1). In reaching this conclusion, the court did acknowledge the Ohio Supreme Court's decision in State v. Merriweather
(1980), 64 Ohio St.2d 57, which held that under the pre-Senate Bill 2 version of the definition, the crime of robbery is not a lesser-included offense of the crime of aggravated robbery.
However, we would note, as does the state in its brief, that theSchoonover court still concluded that the defendant was not entitled to an instruction of robbery because the evidence did not support the giving of an instruction for the lesser included offense. Id. at 5. Similarly, in the case sub judice, we conclude the trial court did not err when it refused to instruct the jury on the crime of robbery because evidence in the record clearly established that appellant brandished, threatened and used deadly weapons during the commission of the theft offense. Thus, the issue as to whether robbery is a lesser included offense of aggravated robbery is irrelevant because even if we were to conclude that it is, the record did not support the giving of a jury instruction for the crime of robbery.
Appellant's Fifth Assignment of Error is overruled.
 VI
Appellant contends, in his Sixth Assignment of Error, that the trial court erred when it permitted the admission of evidence concerning appellant's pneumothorax on the basis that such evidence was irrelevant and prejudicial. We disagree.
The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, 180. Thus, we will not disturb the decision of the trial court absent an abuse of discretion. This connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Further, Evid.R. 401 defines "relevant evidence" as follows:
 `Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
Appellant challenges the admission of testimony from appellant's treating physician, Dr. Kirby Sweitzer. Dr. Sweitzer testified that a pneumothorax is not usually threatening in a young, healthy person, but explained what complications may arise. Tr. Vol. II at 255-256. Appellant argues the testimony about possible complications was irrelevant since Douglas did not suffer from such complications.
We do not find the trial court abused its discretion when it permitted Dr. Sweitzer to testify about the complications that may arise from a pneumothorax. This evidence was relevant to establish the extent and seriousness of Douglas' injuries, as well as the fact that these injuries were life-threatening. The trial court did not abuse its discretion when it overruled appellant's objection and permitted Dr. Sweitzer to testify.
Appellant's Sixth Assignment of Error is overruled.
 VII
In his Seventh Assignment of Error, appellant sets forth a claim for ineffective assistance of counsel and maintains counsel was ineffective because she permitted the trial court to instruct the jury prior to counsels' closing arguments. We disagree.
A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, supra, at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." Statev. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell
(1993), 506 U.S. 364. The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."Bradley, supra, at 143, quoting Strickland, supra, at 697. We have previously determined, in appellant's First Assignment of Error, that appellant did not suffer any prejudice as a result of the trial court instructing the jury prior to counsels' closing arguments. As such, appellant has failed to meet his burden under Strickland and Bradley.
Appellant's Seventh Assignment of Error is overruled.
 VIII
Appellant contends, in his Eighth Assignment of Error, that the trial court erred in sentencing him to a term of imprisonment other than the statutory minimum. We disagree.
In support of this assignment of error, appellant sets forth two arguments. First, appellant argues the trial court's recitation of factors in favor of a longer sentence, at the sentencing hearing, only pertained to the attempted murder charge. Second, appellant maintains the trial court erred when it did not replicate these findings in its judgment entry of conviction and sentence.
R.C. 2929.14(B) is the applicable statute and provides as follows:
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The record indicates the trial court made extensive findings prior to sentencing appellant. See Tr. Vol. III at 113-120. We find the attempted murder charge and the facts surrounding this charge were pertinent to the other charges. Thus, these findings are relevant and applicable as to the other charges. We also note there is no requirement that the trial court make its findings of fact in its judgment entry. The only requirement is that the trial court make such findings on the record. The trial court complied with this requirement by stating its reasons, on the record, at the time of sentencing.
Appellant's Eighth Assignment of Error is overruled.
 IX
Appellant's Ninth Assignment of Error alleges that the imposition of consecutive sentences in contrary to law. We disagree.
Specifically, appellant alleges the trial court failed to provide its reasons for imposing consecutive sentences either at the sentencing hearing or in its judgment entry. Our review of the record indicates the trial court addressed the statutory requirements for the imposition of consecutive sentences at the sentencing hearing. Id. at 116-118. In doing so, the trial court tailored its findings of fact towards these requirements. Thus, the record supports the trial court's decision to impose consecutive sentences.
Appellant's Ninth Assignment of Error is overruled.
For the forgoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J.
Gwin, P.J., concurs.
Farmer, J., concurs separately.