JOURNAL ENTRY and OPINION
{¶ 1} John Robertson appeals from his assault conviction following a bench trial, claiming the court erred in convicting him of a crime that is not a lesser included offense of robbery, the charge for which he had been indicted. Robertson also contends his conviction is against the manifest weight of the evidence. After a careful review of the record, we agree and therefore vacate his conviction.
 {¶ 2} The record reveals that a grand jury indicted Robertson for one count of robbery in violation of R.C. 2911.02(A)(2), stemming from an incident involving aggressive panhandling in front of the Cleveland Public Library, located on Superior Avenue in downtown Cleveland. The case proceeded to a bench trial and the state presented testimony from three witnesses: April Youngblood, the victim, and two police officers, Joseph Kemmett and Robert Sweany. At the close of the state's case, the court granted Robertson's Crim.R. 29 motion for acquittal regarding the second degree robbery charge, but stated that it would consider robbery of the third degree and "all lesser included offenses thereof."
 {¶ 3} The defense rested without presenting any evidence. The court, after deliberating, found Robertson not guilty of robbery, but guilty of assault, stating: "I don't know whether assault is a lesser-included offense under robbery or not. I haven't researched the case law. But that's what I am going to do, convict him of that offense."
 {¶ 4} Robertson now appeals from his assault conviction and presents two assignments of error for our review. The first states:
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT IMPROPERLY CONVICTED APPELLANT OF A CRIME THAT WAS NOT A LESSER INCLUDED OFFENSE OF THE AMENDED ROBBERY CHARGE."
 {¶ 6} Robertson contends that assault is not a lesser included offense of robbery under R.C. 2911.02(A)(2). The state asserts that assault is a lesser included offense under R.C. 2911.02(A)(2)and (3).
 {¶ 7} The issue presented for review then, concerns whether assault is a lesser but included offense of robbery under R.C.2911.02(A)(2) or (3). An offense may be a lesser included offense of another only if: (1) the offense is a crime of lesser degree than the other; (2) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus; State v. Wilkins (1980), 64 Ohio St.2d 382, 384. Assault must satisfy all three elements of this test in order to be considered a lesser included offense of robbery.
 {¶ 8} A robbery is committed when one uses or threatens the immediate use of force against another in attempting or committing a theft offense, or in fleeing immediately after such attempt or offense. R.C. 2911.02(A). Robbery requires an element of force or threat of force. Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C.2901.01(A). Assault consists of knowingly causing or attempting to cause physical harm to another, or recklessly causing serious physical harm to another. R.C. 2903.13(A).
 {¶ 9} Causing, or attempting to cause, physical harm is an essential element of assault but it is not necessarily an essential element of the offense of robbery. Therefore, one may commit a robbery without committing an assault, because the offense of robbery does not always require the causing or attempting to cause physical harm to another, whereas causing or attempting to cause physical harm to another is an essential element of assault, assault is not a lesser included offense of robbery. See, generally, State v. Merriweather (1980),64 Ohio St.2d 57, 59.
 {¶ 10} In State v. Campbell, Cuyahoga App. No. 73643, 1998-Ohio-2029, we held:
 {¶ 11} "Based on the elements of robbery and assault listed above, assault under R.C. 2903.13(A) is not a lesser included offense of robbery under R.C. 2911.02(A)(3). Under the second prong of the Deem
test, in order for an offense to be a lesser included offense of another, the greater offense cannot ever be committed without committing the lesser offense. However, robbery, under which defendant was indicted, R.C. 2911.02(A)(3), can be committed without committing an assault. Specifically, a robbery can be committed with the mere threat of force. However, a mere threat cannot constitute an assault. In order to be guilty of assault, the offender must at least cause or attempt to cause physical harm to another. Therefore, simple assault under R.C. 2903.13(A) is not a lesser included offense of robbery under R.C. 2911.02(A)(3). Defendant was convicted of a crime for which she was not indicted."
 {¶ 12} This court's analysis of R.C. 2911.02(A)(3) in Campbell, also applies to robbery under R.C. 2911.02(A)(2), which contains the element of threat. Assault is not a lesser included offense of robbery, as assault requires that the defendant knowingly cause or attempt to cause physical harm, whereas robbery can be committed by only threatening infliction of physical harm on another. Therefore, reviewing the elements of the offenses in the abstract, the offense of robbery under R.C.2911.02(A)(2), can be committed without committing the crime of assault, and assault is not a lesser included offense of robbery. See Campbell, supra.
 {¶ 13} In this case, although the court stated it could not find Robertson guilty of robbery, it found him guilty of assault, an uncharged offense. Section 10, Article I, of the Ohio Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury * * *." We have held that this provides an inalienable protection to the defendant that he will be tried on the same essential facts on which the grand jury found probable cause. State v. Vitale (1994), 96 Ohio App.3d 695. Because the facts supporting an indictment on assault had not been presented to the grand jury, the court convicted Robertson of a charge for which he had not been indicted. Accordingly, the first assignment of error is well taken and we vacate this conviction and discharge Robertson on that offense.
 {¶ 14} The remaining assignment is moot by virtue of our determination of the first assignment of error and we need not consider it. See App.R. 12(A)(1)(c).
 {¶ 15} Robertson's conviction is vacated and he is discharged; state to pay costs.
 {¶ 16} Conviction vacated and appellant discharged.
 {¶ 17} It is, therefore, ordered that said appellant recover from appellee costs herein.
 {¶ 18} It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 {¶ 19} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 KEYWORDS SUMMARY
assault, manifest weight of the evidence, lesser included offense of robbery, grand jury, element of the greater offense, knowingly cause, elements of robbery, moot.